No. 2584

## KLINE *v.* VANSICKLE

August 6, 1923.                                        217 Pac. 585.

1. JUDGES—EXCEPTION TO INSTRUCTION AND RULING THEREON MUST BE IN OPEN COURT, AND NOT CHAMBERS.

Under Rev. Laws, 4843, fixing the authority of the judge in his chambers, objections and exceptions to instructions and the court's rulings thereon must be made in open court, and not in the chambers; the objections and rulings being a part of the trial of the case, notwithstanding sections 5315 and 5316, relating to exceptions.

2. TRIAL—EXCLUSION OF ANSWERS TO PRELIMINARY QUESTIONS CALLING FOR IMMATERIAL TESTIMONY NOT ERROR IN ABSENCE OF TENDER OF PROOF OF MATERIAL MATTER.

The exclusion of answers to questions calling for immaterial testimony *held* not error as against contention that the questions were preliminary, in the absence of a tender of proof of the material matter sought to be introduced.

3. WITNESSES—QUESTION TO HUSBAND AS TO WHAT HE HAD TOLD THIRD PERSON AS TO WIFE HELD NOT TO CALL FOR A PRIVILEGED COMMUNICATION.

In a husband's action for alienation of wife's affections, question to husband as to whether he had told defendant before he left his home that his wife would be at home alone, and that plaintiff wanted defendant to stay in the house, *held* not objectionable as calling for a privileged communication.

4. TRIAL—ENTIRE ANSWER NOT STRICKEN, THOUGH PART IS NOT RESPONSIVE TO QUESTION.

An entire answer in part correct will not be stricken though a portion is not responsive to the question, since a motion to strike should be directed to the obnoxious portion of the answer, and not to the whole thereof.

5. APPEAL AND ERROR—REFUSAL TO STRIKE UNRESPONSIVE ANSWER HELD HARMLESS.

In a husband's action for alienation of wife's affections, in which the plaintiff was asked if he had told the defendant before he had left home that his wife would be at home alone, and that he wanted the defendant to stay in the house. it was harmless error to refuse to strike answer, "I told my wife. or asked her, how she was going to stay there alone; I would get some one; and she said she would not stay alone," though not responsive.

6. APPEAL AND ERROR—OBJECTION TO EVIDENCE NOT RAISED IN LOWER COURT NOT AVAILABLE ON APPEAL.

Appellant cannot on appeal urge an objection to evidence not raised in the lower court.

7. EVIDENCE—MUST TESTIFY TO FACTS, AND NOT CONCLUSIONS.

Generally a witness must testify to facts, and not to conclusions.

8. EVIDENCE—WIFE'S TESTIMONY THAT DEFENDANT HAD ALIENATED HER AFFECTION FOR HUSBAND REQUIRED TO STATE FACTS.

If a wife is called as a witness for the husband in husband's action for alienation of wife's affections, she could not testify merely that the defendant had alienated her affection. but would be required to state the facts and circumstances, so that the jury could draw its own conclusions.

9. APPEAL AND ERROR—WIFE'S TESTIMONY THAT DEFENDANT WAS NOT RESPONSIBLE FOR STRAINED RELATIONS BETWEEN HUSBAND AND WIFE HELD HARMLESS.

In husband's action for alienation of wife's affections, in which the defendant denied that he had been guilty of any acts tending to alienate the affections of the wife, and in which there was no evidence that he had been guilty of committing such an act, the testimony of the wife, testifying as a witness for the defendant, that defendant had in no way been responsible for the strained relations between the husband and the wife, without stating any facts to support the conclusion. was harmless, since, the plaintiff having introduced no evidence in support of his accusation, there were no facts and circumstances to explain.

10. APPEAL AND ERROR—HARMLESS ERROR NOT GROUND FOR REVERSAL.

The supreme court will not reverse a judgment for the commission of an error unless it appears to have been prejudicial to the party claiming to have been aggrieved.

APPEAL from First Judicial District Court, Douglas County; *Frank P. Langan,* Judge.

Action by James D. Kline against James P. Vansickle. From a judgment for defendant and an order denying a motion for a new trial, the plaintiff appeals. **Affirmed.**

*Chartz & Chartz,* for Appellant:

The court may deny motion for new trial for failure to serve it, but cannot strike it from files. Calderwood v. Peyser, 42 Cal. 111, 121.

An exception to instruction must be taken at time decision is made. Rev. Laws, 5315. The decision is made when judge writes "given" or "refused" upon it. Refused instructions are not read to jury at all. How, then, is one going to object to refusal to give instruction at time it is refused, if he must object to it in presence of jury? It would be as improper to settle instructions in presence of jury as to argue points of law before them. What has jury to do with preparation of instructions anyhow? Lobdell v. Hall, 3 Nev. 507, 525.

Where instructions are inconsistent, new trial should be granted. Brown v. McAllister, 39 Cal. 573.

Each instruction must be correct; all must be consistent and present but one doctrine. Modisett v. McPike, 74 Mo. 648.

A stranger meddles in domestic and marital affairs between husband and wife at his peril; without regard to his motives, malice is presumed. Hartpence v. Rogers, 45 S. W. 652. Relatives may, in good faith, advise, though no one may entice wife away, but if she voluntarily leaves home, any one may with good motives give her shelter. Malice is not then presumed, but may be proved. Modisett v. McPike, supra; Trumbull v. Trumbull, 98 N. W. 683.

An instruction that malice must accompany alienation is incorrect.

It is error to sustain objections to preliminary questions asked for purpose of laying foundation for introduction of a conversation, and error to rule that any statement of wife to defendant would not be binding on him, since such statement might be binding on him, and inference might be drawn from his silence, if it was his duty to speak. Jones on Evidence, sec. 291; Batturs v. Sellers, 9 Am. Dec. 492.

Any communications between spouses during marriage are privileged. People v. Mullins, 83 Cal. 140;

Rev. Laws, 5424. And would not be binding on defendant if made in his absence.

The wife's bald statement that defendant was not responsible for strained relations is inadmissible. The facts should be stated. Jones on Evidence, sec. 361. Even expert's opinion, if based on his personal knowledge of facts, must be accompanied with his statement of facts, so court may know if he is justified in his opinion. Jones on Evidence, sec. 37.

*Platt & Sanford,* for Respondent:

Instructions given without objection are presumed to be consented to, and cannot afterward be questioned. Lobdell v. Hall, 3 Nev. 473. Exceptions to instructions must be taken in open court (Phelps v. Meyer, 14 U. S. 643), when ruling on objection thereto was made (Garoutte v. Williamson, 41 Pac. 35), at the trial (Turner v. Yates, 16 How. 14), else they will not be considered (3 Kerr, C. C. P. 1050; 25 Cal. 122), and cannot become part of bill of exceptions. Rev. Laws, 5315, 5316; District Court Rule 40.

The instructions given state the law. 2 Blashfield's Instructions to Juries, secs. 4288, 4293, 4296, 4297; Humphrey v. Pope, 82 Pac. 224.

There are about as many exceptions to rule of acquiescence by silence as cases supporting it. Objections were properly sustained to questions concerning statements of deceased because, the speaker having died, denial was impossible; they were not dying declarations, or offered as such; for any one else to testify to them would be hearsay, and, in any event, it could be only matter of inference as to their meaning.

Testimony showing feeling of one spouse toward the other is competent to show true reason for separation. DeBock v. DeBock, 184 Pac. 890; Bourne v. Bourne, 185 Pac. 489.

A witness may summarize conduct by stating effect it produced on his mind. 22 C. J. 527, 530, 557.

By the Court, COLEMAN, J.:

This action was instituted by plaintiff to recover

damages for alienation of his wife's affection. From a judgment in favor of the defendant, and an order denying a motion for a new trial, the plaintiff has appealed. The parties will be alluded to in this opinion as plaintiff and defendant, as in the trial court.

The first alleged error pressed upon our attention pertains to the ruling of the trial court in refusing to embody in the bill of exceptions the following statement:

"That the court settled the instructions requested by plaintiff and defendant at chambers in the presence of counsel for the respective parties, and without the presence of the official reporter sworn to report said case, and without the presence of the clerk of the court, or any other officer of the court, and that said plaintiff made his objections and took his exceptions at said chambers, and that said plaintiff did not make any objections or take any exceptions to any instruction given to the jury during the reading thereof, or after the reading thereof, or at all, except at said chambers."

1. Preliminary to disposing of this matter on its merits, we may say that counsel for plaintiff have not adopted the proper course to warrant their insistence that we dispose of this question. Section 5316, Rev. Laws, points out the method which should be followed in cases where it is contended the trial court refused to correctly settle a bill of exceptions. However, in view of the stipulation of counsel in the case, we will pass upon the matter as presented. The question is: Can rulings and exceptions heard in chambers, where the judge is informally considering proposed instructions, justify their being made a part of the record, or must such objections and exceptions be made in open court, and when the instruction is given? Counsel for plaintiff direct our attention to sections 5315 and 5316, Rev. Laws. It does not seem to us that the sections mentioned are determinative of the question before us, but that section 4843 controls. It reads:

"The district judges shall, at all reasonable times, when not engaged in holding courts, transact such business at chambers as may be done out of court. At

chambers they may try and determine writs of mandamus, certiorari, quo warranto, hear and dispose of motions for new trials, and all applications for writs which are usually granted, in the first instance, upon ex parte application, and may also, in their discretion, hear and determine applications to discharge such orders and writs. They may also hear and determine applications for writs of assistance at chambers."

This section definitely fixes the authority of the judge at chambers, and he can have no greater authority than thus conferred, and no power is given by that statute to rule upon objections to proposed instructions. It is true that the judge frequently informally considers tendered instructions in his chambers, but action thereupon is taken in open court, though he may indicate what his ruling will be. Ruling upon tendered instructions and objections thereto is a part of the trial of a case, and the trial must be in open court, and all objections and exceptions must be made there. The ruling of the trial judge was proper.

2. It is next contended that the court erred in sustaining an objection to the following question addressed to Clara Giberson, a witness called in behalf of the plaintiff: "Did you hear Mrs. Vansickle when she lay sick in bed speak to her son James?" The James alluded to is the defendant in the case. The court sustained an objection made by counsel for defendant. Counsel for plaintiff then asked the following question, the court sustaining an objection thereto: "Were there any other persons present at the time?" As to the ruling of the court upon the objection to the questions quoted, counsel for plaintiff take the position that the questions asked were preliminary, and that it would have been utterly futile for counsel to have attempted to prosecute the inquiry further. "He was shut off—completely blocked," says counsel. In this connection he states that the theory of the trial court was that no statement made to the defendant was admissible in evidence because not binding upon him. Certainly the court committed no error in sustaining

the objections. If counsel desired to get a ruling upon some material matter he should have made a tender of proof of the material matter sought to be introduced in evidence. Taylor v. Malta Merc. Co., 47 Mont. 342, 132 Pac. 549. This was not done. It does not appear what statement it is alleged the defendant's mother made to him which could have bound him, if any.

Error is assigned to the ruling of the court in sustaining an objection to a question asked one Thomas Brown relative to a conversation between the plaintiff and his wife, wherein he was asked to state what the conversation was. So far as appears, the conversation may have been entirely foreign to the matter in issue. The court did not err in sustaining the objection. If counsel for the plaintiff had desired to bring to the attention of the court the matter sought to be proven, he should have made an offer of proof. Not having done so, no prejudicial error was committed. Taylor v. Malta Merc. Co., supra.

It is next contended that the court erred in refusing to strike the following question and answer:

"Q. Did you tell Jim Vansickle before you left that your wife would be at home alone, and you wanted him to stay in the house? A. No, sir; I never told him so. I told my wife, or asked her, how she was going to stay there alone; I would get some one; and she said she would not stay alone."

3-5. The ground of the motion is that it is a privileged communication. There is nothing privileged called for by the question, and the first sentence of the answer was responsive to the question. We are not prepared to say that the rest of the answer is responsive, but certainly an entire answer in part correct will not be stricken, if an uncalled-for statement in response to the question should be stricken. Counsel should direct their motions to strike to the obnoxious portion of an answer to a question. However, we are of the opinion that the voluntary portion of the answer to the question was harmless.

Error is assigned to the overruling of a motion to

strike an answer to a question asked one Mrs. Brown by counsel for the defendant on cross-examination, relative to a conversation had with Mrs. Kline, for the purpose of showing Mrs. Kline's state of feeling toward her husband. In support of the motion to strike counsel for the plaintiff, in referring to the answer of the witness, said:

"If your honor please, this does not exhibit feelings. I move to strike out the whole thing because it does not exhibit feelings, a conversation of some trouble between them, and does not exhibit her feeling at all. I move to strike out everything but that which might exhibit her feelings."

6. Counsel now relies upon entirely different ground to support the assignment. We think the statement made by counsel for the plaintiff at the trial was correct, and, if so, the answer of the witness was harmless; but he certainly cannot now rely upon a point not urged at the trial. Had the witness testified to a statement made by Mrs. Kline indicating her feeling toward her husband, we are not called upon to say whether it should have been stricken.

7-10. It is next insisted that the court erred in overruling an objection to the following question propounded to the wife of the plaintiff, who was a witness on behalf of defendant:

"Q. Is he (James P. Vansickle) responsible in any particular, directly or indirectly, for any strained relations that might be between yourself and your husband?"

The witness answered that defendant was "in no way responsible." It is a general rule that a witness must testify to facts, and not to conclusions. Had the witness been called to support the charges made by her husband, it could not be reasonably said that it would have been competent or proper for her to have testified merely that the defendant had alienated her affection. She would have been compelled to state the facts and circumstances, and leave it to the jury to draw its conclusion as to whether the defendant had alienated her

affection. Adams v. Main, 3 Ind. App. 232, 29 N. E. 792, 50 Am. St. Rep. 266. But, in view of the situation here presented, we cannot say that the specific objection made is good. As startling as it may seem, there is not in the record a scintilla of evidence offered by the plaintiff in support of his cause of action, and the only evidence in the record given by the witness in question is what we have quoted. The theory of the defendant is that he committed no act tending to alienate the affections of the plaintiff's wife. As an abstract proposition of law we are of the opinion, speaking generally, that a wife should not be permitted to state merely that one charged with alienating her affections "was in no way responsible." The defendant, having denied that he had been guilty of acts tending to alienate the affections of plaintiff's wife, was, of course, in presenting his case in defense, confined to denying, qualifying, or explaining incriminating evidence offered against him, if there was any. As we have pointed out, the record contains no word of evidence on the part of the plaintiff. This being true, how can we say that the defendant should deny, qualify, or explain facts and circumstances? It is a well-known rule that this court will not reverse a judgment for the commission of an error unless it appears to have been prejudicial to the party claiming to have been aggrieved. From the record in this case we cannot say that any prejudicial error was committed. What we have just said applies to the objections to the testimony of Oscar T. Vansickle.

No prejudicial error appearing, it is ordered that the judgment and order be affirmed.