ROBERTS MINING & MILLING COMPANY *v.*
THIRD JUDICIAL DISTRICT COURT, IN AND
FOR EUREKA COUNTY, ET AL.

No. 3124

October 24, 1935.                    50 P. (2d) 512.

*Hawkins, Mayotte & Hawkins,* for Petitioner:

*James T. Boyd,* for Respondents, did not file a brief.

## OPINION

By the Court, TABER, J.:

Petitioner in this court is defendant in the court below. In September, 1933, M. J. Hough commenced an action against Roberts Mining & Milling Company in the Third judicial district court, Eureka County, praying for a money judgment in the sum of $3,740.74, for work and labor performed, services rendered, money advanced, and money paid out to divers persons for the use and benefit of defendant. A general and special demurrer to plaintiff's complaint was filed in November, 1933. In June, 1934, defendant filed its answer to said complaint, and later in the same month plaintiff filed his reply. Honorable Edgar Eather, judge of the Third judicial district, disqualified himself and called in Honorable H. W. Edwards, then judge of the

Seventh judicial district, and the case was set for trial for August 17, 1934. On August 16, 1934, defendant filed an affidavit alleging that it had cause to believe and did believe that on account of the bias or prejudice of Judge Edwards it could not obtain a fair and impartial trial. On said 17th day of August, 1934, Judge Edwards reassigned the case to Judge Eather. In December, 1934, defendant served and filed notice of motion and motion for leave to file amended answer and counterclaim. In the same month defendant served and filed notice of motion and motion to make complaint more specific and certain and for bill of particulars. Judge Eather, on March 12, 1935, assigned the case to Honorable J. Emmett Walsh, judge of the Fifth judicial district. On or about May 23, 1935, plaintiff served notice on defendant that he would call up for hearing, at Eureka, on June 3, 1935, all motions and demurrers then pending in said case. On the 1st day of June, 1935, Judge Walsh had a conference at the Golden hotel with Mr. Boyd, attorney for plaintiff, and Mr. Prince A. Hawkins, one of the attorneys for defendant. At this conference, according to respondent and his attorney, Mr. Boyd, the later consented to the filing of an amended answer and counterclaim by defendant, and further agreed to furnish defendant with an itemized statement of plaintiff's claim; such statement was in fact furnished on June 5, 1935. At said conference, according to said respondent judge and his said attorney, Mr. Hawkins expressly agreed that all matters pending in said case be heard and the trial thereof had on the 17th day of June, 1935, at Eureka. Whereupon, according to respondent judge and his said attorney, Judge Walsh informed Mr. Hawkins and Mr. Boyd that he would be at Eureka on said 17th day of June, 1935, and on that day at 10 o'clock a. m. would hear all matters in said cause and proceed with the trial thereof. Mr. Hawkins swears that at the conference on June 1, 1935, he stated to both Judge Walsh and Mr. Boyd that he doubted very much being able to take up the motions

and demurrers on June 17 on account of certain hearings in the district court at Winnemucca, involving questions in the Humboldt river adjudication proceeding; that both Judge Walsh and Mr. Boyd then and there agreed that if his engagements at Winnemucca terminated before June 17, the motions and demurrers in said Eureka County case would be heard at Eureka, but that if his said engagements were not terminated by June 17, the hearings at Eureka would be continued over to some later date. Mr. Hawkins further states in his affidavit that the hearings at Winnemucca commenced on June 4, and after several days were continued over from time to time until June 17, at which time the hearings were resumed, and he was engaged therein on said 17th day of June and until and including the 21st day of June, 1935. Respondent judge and his attorney, Mr. Boyd, in their affidavits in this proceeding, deny that anything whatever was said at said conference about any hearings at Winnemucca, and they further state that it was Mr. Hawkins himself who suggested June 17 as the date for the hearings and trial in the Eureka County case. Mr. Boyd swears that on June 8, 1935, and again on June 14, 1935, he informed defendant's attorneys that he would not consent to a continuance. Mr. Hawkins, on the contrary, swears that on said 8th day of June, 1935, Mr. Boyd agreed that the hearings at Eureka go over to a date later than June 17 in case Mr. Hawkins should not conclude his Winnemucca engagements before that date. Mr. Hawkins says further that on June 15, at Reno, respondent judge stated that the agreement made at the time of the Reno conference early in June was that if Mr. Hawkins should not be able to conclude his Winnemucca engagements before June 17, the Eureka hearings were to go over till a later date.

Before 10 o'clock on the morning of June 17, 1935, defendant filed in the lower court an affidavit alleging bias or prejudice on the part of Judge Walsh, who disregarded it because of the affidavit previously filed disqualifying Judge Edwards. At or shortly after 10

o'clock a. m., on June 17, 1935, Judge Walsh proceeded to try said cause at Eureka; defendant not being present or represented by attorney. Evidence was offered by plaintiff, and judgment was rendered for plaintiff and against defendant. On June 21, 1935, defendant served notice of motion to retax costs. On June 26, 1935, defendant served and filed notice of intention to move for new trail. On June 27, 1935, plaintiff served notice on defendant that "on Friday, the 5th day of July, 1935, at ten o'clock a. m., or as soon thereafter as counsel can be heard, at the Chambers of the Honorable J. Emmett Walsh at the Court House at Goldfield, Esmeralda County, Nevada, plaintiff will call up for hearing the Motion of the defendant to Retax the Costs, and at the same time and place will call up for hearing defendant's Motion for a New Trial, and all other motions in said cause that can be heard in Chambers." On July 3, 1935, defendant filed its petition for writ of prohibition with the clerk of this court, and on the same date an alternative writ was issued restraining and prohibiting respondent court and judge "from considering or hearing defendant's said motion to retax costs, and defendant's said motion for a new trial, and from taking any other proceeding in said action at Chambers in the Court House at Goldfield, Esmeralda County, Nevada, until further order of this court." Respondent judge, J. Emmett Walsh, in his answer to said petition filed with the clerk of this court on the 19th day of July, 1935, states: "That this affiant would have heard the said Motions or any motions in said cause that could be heard in Chambers, and would have determined the matters in accordance with the law and the procedure of this state, but due to the fact that he received information that a Writ of Prohibition had been issued by this Honorable Court, he took no further steps in said matter."

Petitioner contends that respondent judge has no power to do anything relating to said action in the district court, except to reassign it to some other district judge for further hearings. This position is based upon

the ground that section 8407.02 N. C. L. (Statutes of Nevada 1931, c. 153, sec. 3, p. 248), is unconstitutional insofar as it provides that "not more than one change of judge may be granted in any action." The fifth clause of section 8407 N. C. L., as amended, Stats. 1931, p. 247, provides that: "If either party to a civil action in the district court or his or its attorney or agent shall file an affidavit alleging that the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial, the said judge shall at once transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action; provided, the party filing such affidavit for change of judge shall at time of filing same pay to the clerk of the court in which such affidavit is filed the sum of twenty - five dollars, which sum shall be by the clerk transmitted to the state treasurer, who shall place the same to the credit of the district judges' traveling expense fund; provided, that this section shall not apply to the arrangement of the calendar, or the regulation of the order of business." Section 8407.02 N. C. L., already referred to, reads as follows: "Not more than one change of judge may be granted in any action, but each party shall be heard to urge his objections to any judge in the first instance, and the change of judge shall be to the most convenient judge to which the objections of the parties do not apply or are least applicable. If the parties agree upon a judge then such judge shall be selected."

Counsel has not cited, nor has the court been able to find, any other case in which the constitutionality of the Nevada statute or other similar statutes concerning the disqualification of judges has been attacked upon the ground that under their provisions but one change of judge may be granted in any action.

The federal statute providing for the disqualification of a trial judge for personal bias or prejudice by the

filing of an affidavit contains the further provision that: "No party shall be entitled in any case to file more than one such affidavit." USCA, title 28, sec. 25.

When State ex rel v. Clancy, 30 Mont. 529, 77 P. 312, 313, was decided, the Montana statute (Code Civ. Proc. sec. 180, as amended by Laws 1903, 2d Ex. Sess., c. 3) provided that: "No more than five judges can be disqualified for bias or prejudice, in said action or proceeding, at the instance of the plaintiff, and no more than five at the instance of the defendant in said action or proceeding." It seems that this statute was later changed so as to limit the number of judges that can be disqualified in Montana to not more than two (Rev. Codes 1921, sec. 8868). Cornell Law Quarterly, vol. XIII, No. 3, April, 1928. The court in State v. Clancy, supra, decided June 22, 1904, pointed out that in Arizona, California, Colorado, Florida, Illinois, Indiana, Mississippi, Oregon, Wisconsin, and Wyoming, the number of judges that may be disqualified is limited to one. The court in that case also said that: "Of the 11 states which have somewhat similar statutes, in 10 of them only one change of judge is permitted, and in the other (Iowa) only two." In Bancroft's Code Practice and Remedies, vol. I, p. 878, it is stated in a note that in Oregon no more than two applications may be made, and in New Mexico a second change is within the discretion of the court. Remington's Compiled Statutes of Washington (1922), sec. 209-2, reads as follows: "Any party to or any attorney appearing in any action or proceeding in a superior court may establish such prejudice by motion supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: Provided, further, that no party or attorney shall be permitted to make more than one application in any action or proceeding under this act." No doubt changes have been made in a number of the states mentioned, and it is very probable that other states have enacted similar legislation. In California,

where formerly the number of changes that could be disqualified was limited to one, no limitation whatever is now placed upon the number of judges who may be disqualified. Deering's Codes, Laws and Constitutional Amendments of California, 1933 Supplement, pp. 45-48 (Code Civ. Proc. sec. 170). In that state, however, at the present time a judge cannot be disqualified as in Nevada by a mere affidavit imputing bias or prejudice. The judge is there given the right to answer the statement of any party alleging that he is disqualified, and the question of his disqualification is then heard and determined by some other judge. "Previous to the year 1897, bias or prejudice was not a ground for the disqualification of a judge in California. This holding was in accord with the common law rule on the subject." California Law Review, vol. XX, No. 3, March, 1932, p. 312; People v. Compton, 123 Cal. 403, 56 P. 44.

Petitioner's contention that the provision of section 8407.02 N. C. L., limiting the number of changes of judges to one is unconstitutional, rests upon the grounds that said provision violates the fourteenth amendment of the United States constitution, art. 1, sec. 8, of the Nevada constitution, and that said provision does not constitute either due process of law or equal protection of the law.

In Allen v. Reilly, 15 Nev. 452, defendant moved for a change of venue on the ground that he could not have a fair and impartial trial before the judge presiding, for the reason that said judge and defendant had been and then were bitter personal enemies. The motion was supported by defendant's affidavit, but was denied by the trial court. On appeal this court said: "The judge was not disqualified under the statute. (Comp. L. 950.) It is held in California that bias or prejudice on the part of the judge, even in a criminal case, constitutes no legal incapacity to sit on the trial of a cause, and is not sufficient ground to authorize a change of the place of trial. (People v. Williams, 24 Cal. [31] 33.) And so it was held in a civil case. (McCauley v. Weller, 12 Cal. [500] 523.)"

In State ex rel. Elsman v. Second Judicial District Court, 52 Nev. 379, 287 P. 957, 960, this court said: "At common law the bias and prejudice of the judge would not disqualify or incapacitate him to try a case. Allen v. Reilly, 15 Nev. 452; McCauley v. Weller, 12 Cal. 500; People v. Williams, 24 Cal. 31; Bulwer, etc. Co. v. Standard, etc. Co., 83 Cal. 613, 23 P. 1109; In re Davis' Estate, 11 Mont. 1, 27 P. 342."

And see 33 C. J. 998, 999; Bancroft's Code Practice and Remedies, vol. I, p. 854; 17 Am. and Eng. Encyc. of Law (2d ed.), p. 738.

Section 9021 N. C. L. provides that: "The common law of England, so far as it is not repugnant to, or in conflict with the constitution and laws of the United States, or the constitution and laws of this state, shall be the rule of decision in all the courts of this state." The Nevada statute relating to the disqualification of district judges on account of bias or prejudice is more favorable to parties desiring to disqualify such judges on those grounds than the common law or any law of Nevada up to the time said legislation was enacted, notwithstanding the limitation allowing but one change of judge.

■ In view of what has been said, we decline to hold that that portion of section 8407.02 N. C. L. which provides that not more than one change of judge may be granted in any action, is unconstitutional.

As a further reason why the alternative writ should be made permanent, petitioner contends that Judge Walsh has no jurisdiction to hear either the motion for new trial or the motion to retax costs at his chambers at Goldfield. It is argued that, while any district judge may transact chambers business in any part of the state, such business is limited to that of the county where the judge may be. In other words, if a judge be called from his own district to try a case in another, he may, while in the county where such trial is held, transact chambers business therein, but he cannot, as petitioner contends, return to his own district and there hear, in his

chambers, a motion for new trial or a motion to retax costs in the case tried in such other county.

Sections 8385, 8469 and 8910 N. C. L. read as follows:

"§8385. The district judges shall, at all reasonable times, when not engaged in holding courts, transact such business at chambers as may be done out of court. At chambers they may try and determine writs of mandamus, certiorari, quo warranto and default cases, hear and dispose of motions for new trials, and all applications for writs which are usually granted, in the first instance, upon ex parte application, and may also, in their discretion, hear and determine applications to discharge such orders and writs. They may also hear and determine applications for writs of assistance at chambers."

"§8469. The district judges of the State of Nevada shall possess equal coextensive and concurrent jurisdiction and power. They shall each have power to hold court in any county of this state. They shall each exercise and perform the powers, duties and functions of the court, and of judges thereof, and of judges at chambers. The decision in an action or proceeding may be written or signed at any place in the state, by the judge who acted on the trial and may be forwarded to, and filed by the clerk, who shall thereupon enter judgment as directed to in the decision, or judgment may be rendered in open court, and, if so rendered, shall be entered by the clerk accordingly. If the public business requires, each judge may try causes and transact judicial business in the same county at the same time. Each judge shall have power to transact business which may be done in chambers at any point within the state, and court shall be held in each county at least once in every six months, and as often and as long as the business of the county requires. All of this section is subject to the provision that each judge may direct and control the business in his own district, and shall see that it is properly performed."

"§8910. Motions and orders which may be made at chambers may be made in any part of the state."

In the case of Twaddle v. Winters, 29 Nev. 88, 85 P. 280, 282, 89 P. 289, it appears that Judge Murphy of the First judicial district court was called in by Judge Curler to try a case at Reno, which was within the Second judicial district. After trial and judgment, Judge Murphy, at Carson City, which was within his own district, by an ex parte order, made without affidavit of Judge Curler's absence or inability, granted defendants until a certain time within which to prepare, file, and serve their notice and statement on motion for new trial. It was contended on appeal that said order was void. The court in discussing this question said: "Orders extending the time for filings are business usually or properly transacted in chambers, and under section 2573 can and ought to be made as effectually in any part of the state, by the judge having the case in charge, as if made by him in chambers or in open court." Section 2573, mentioned in the sentence last quoted, is the same as section 8469 N. C. L. supra.

▬ Under the statutes of this state we are impelled to hold that Judge Walsh has jurisdiction to hear the motion for new trial at his chambers in Goldfield.

We have not overlooked the argument of petitioner based upon that provision of section 8877 which provides that: "Reference may be had in all cases to the pleadings and the orders of the court, and, when the motion is made on the minutes, reference may also be had to the depositions, documentary evidence, and the stenographic notes or report of the testimony and the records of the court." (The last-quoted provision has been carried over into the 1935 new trials and appeals act, Statutes of 1935, c. 90, sec. 3, at pages 195, 196.) In view of said provision, it is plain that it would be easy to abuse the power to hear a motion for new trial in a county other than that in which a trial was held, because in some cases the inconvenience and expense attendant upon such a course would be very considerable to say the least. It is not to be presumed, however, that district judges will arbitrarily abuse their powers in this

respect. In the majority of states it is our understanding that motions for new trial can be heard only in the county where the trial was held. It is for the legislative department to determine whether it would be better that such a rule should obtain in Nevada. In Idaho, unless there has been a recent change, the statute expressly provides that: "The motion for a new trial may be brought to a hearing before the judge who tried or heard the case, at chambers, or in open court, in any county of the state." Code 1932, sec. 7–609. This statute is mentioned in note 13, on page 8131 of vol. VII, Bancroft's Code Practice and Remedies. The text, however, at pages 8130, 8131, says that generally a motion for a new trial must be heard and decided in open court in the county where the case was tried. An interesting case upon the question now under discussion is Grayson v. Perryman, 25 Okl. 339, 106 P. 954. While we hold in this case that Judge Walsh has jurisdiction to hear the motion for new trial at Goldfield, we are not to be understood as deciding that district judges are required in such situations to hear motions for new trial or other chambers business in a county other than that in which the business arises or is pending, simply because one of the parties notices such a matter to be heard in such other county. So long as our statutes remain as they are, it is to be presumed that district judges will have a proper regard for the convenience of litigants.

We are also of opinion that Judge Walsh has jurisdiction to hear the motion to retax costs in his chambers in Goldfield. It is true that section 8385 N. C. L. does not, expressly or by implication, empower a district judge to hear, at chambers, a motion to retax costs; and this court has held in Kline v. Vansickle, 47 Nev. 139, 217 P. 585, 586, that said section "definitely fixes the authority of the judge at chambers, and he can have no greater authority than thus conferred." There is, however, in section 8934 N. C. L. the following provision relating specially to motions to retax and settle costs: "Upon the hearing of the motion the court or judge in chambers shall settle the costs."

■■ Petitioner makes the further claim that neither the motion for new trial nor that to retax costs can be heard by Judge Walsh, pursuant to the notice served by defendant in the lower court, because the notice so served was only an 8-day one and not a 10-day notice as required by section 8911 N. C. L. It is our opinion that section 8911 N. C. L. is not applicable, in view of the provisions of section 8877 N. C. L. relating specially to motions for new trial, and section 8934 N. C. L. relating specially to motions to retax costs.

■ Petitioner claims that the district court was without power or jurisdiction to try the case on its merits on June 17, because (a) no notice of the setting of the trial for hearing on the merits was ever given; (b) two motions by defendant had been regularly noticed for hearing, but had not been heard or disposed of; (c) defendant had not waived a jury trial. These matters will no doubt be urged on the hearing of the motion for new trial; in our opinion it would not be proper for us to decide them in the present proceeding in this court.

The petition for writ of prohibition is denied and the alternative writ dismissed.