THE STATE OF NEVADA, Ex Rel. H. C. WARREN, J. W. DIGNAN and HARRY COHEE, Petitioners, *v.* THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Humboldt, and HON. JAMES DYSART, District Judge Presiding, Respondents.

No. 3157

October 2, 1936.                                    61 P.(2d) 6.

*J. W. Dignan,* for Petitioners:

216

*McNamara & Robbins,* for Respondent:

**OPINION**

By the Court, TABER, J.:

In November 1935, civil action No. 3335 was commenced in the Sixth judicial district court, Humboldt

County, by H. C. Warren against William M. De Long, Mabel De Long, his wife, Jewell De Long, and Bill De Long, Jr. The suit was one to foreclose a mortgage on real and personal property of defendants William M. De Long and Mabel De Long, and at the instance of plaintiff a receiver was appointed when the suit was commenced. Jewell De Long and Bill De Long, Jr., were made parties defendant because it was alleged that they claimed to be the owners of certain personal property subject to the lien of the mortgage.

On or about November 25, 1935, an order to show cause was issued directing all the defendants to appear in the district court at a certain time and show cause why they should not be punished for contempt of court for disobeying an order theretofore made in said action by Honorable L. O. Hawkins, judge of said court. On December 2, 1935, defendants objected to Judge Hawkins' trying said contempt proceedings, under section 8943 N. C. L., which provides, inter alia, that "in all cases of contempt arising without the immediate view and presence of the court, the judge of such court in whose contempt the defendant is alleged to be shall not preside at such trial over the objection of the defendant." Upon stipulation of plaintiff and defendants, the contempt proceeding was assigned by Judge Hawkins to Honorable James Dysart, judge of the Fourth judicial district, who heard and determined that proceeding on December 5, 1935.

On the same day that defendants objected to the trial of the contempt proceeding by Judge Hawkins, they also requested him to assign said civil action No. 3335 to some other judge for all further proceedings to be had therein, basing said request upon the alleged fact that Judge Hawkins was biased and prejudiced by reason of his "former association and relation" with the late H. Warren, father of plaintiff. Judge Hawkins thereupon informed defendants that if they would file an affidavit of bias or prejudice as provided in section 8407 N. C. L., as amended Stats. 1931, p. 247, c. 153,

sec. 1, and pay the clerk $25, as provided in said section, he would make an order assigning said cause to another judge. "Whereupon," says Judge Hawkins in his affidavit, "counsel for defendants explained to me that their clients were of limited means, and they requested me, as such judge, to relieve their clients of the necessity of paying the said $25.00; and after due consideration I agreed to relieve the said defendants of the obligation of paying the $25.00, and, after conference with counsel for respective parties, whereat it was agreed by and between counsel for the respective parties that it would be agreeable for me to assign said case for all further proceedings to Hon. James Dysart, District Judge of the Fourth Judicial District in and for the County of Elko, and upon said stipulation and agreement, and upon the 6th day of December, 1935, I made and entered an order in said case No. 3335, assigning the said case for all further proceedings to the said James Dysart, as such District Judge."

The minutes of the district court in said action, under date of December 6, 1935, read as follows: "Upon stipulation of Counsel for the respective parties, it is ordered that this case be and the same is set down for trial for the hour of ten o'clock A. M. on Thursday, January 2, 1936, before the Court. It is further ordered that this case upon demand of defendants be and hereby is assigned for further proceedings to the Hon. James Dysart, Judge of the Fourth Judicial District Court of the State of Nevada, in and for the County of Elko, for all further proceedings to be had therein, granting and giving unto said Judge all power and authority in the premises. The Clerk is directed to notify the said Judge and Counsel for the Defendants in writing of the above order."

Said action No. 3335 came on regularly for trial before Judge Dysart on January 2, 1936, resulting in a decree of foreclosure and sale against the property of defendants William M. De Long and Mabel De Long, but adjudging Jewell De Long and Bill De Long, Jr., to

be the owners of certain personal property claimed by plaintiff to be a part of the personalty covered by the mortgage. Plaintiff moved for a new trial as to that part of the judgment awarding said personal property to defendants Jewell De Long and Bill De Long, Jr. Said motion was denied and plaintiff appealed to this court. Said appeal was pending at the time the petition herein was filed. It appears from said petition that upon application of plaintiff the trial court fixed a stay bond upon appeal, and ordered that the said personal property adjudged to be owned by Jewell De Long and Bill De Long, Jr., should remain in the possession and under the control of the receiver during the pendency of the appeal, and that the receiver thereupon took into his possession all of said personal property. The petition further alleges that the receiver remained in possession of said personal property until April 17, 1936, upon which date he abandoned the said property, whereupon petitioners took possession of the same and have ever since conserved and cared for it. On May 14, 1936, the receiver demanded of the petitioners that they surrender and deliver to him the possession and control of all said personal property adjudged, as aforesaid, to be the property of Jewell De Long and Bill De Long, Jr. Said demand was by petitioners and by each of them refused. Thereafter, and on May 20, 1936, at the instance of the receiver, an order to show cause was issued requiring the plaintiff H. C. Warren, his foreman Harry Cohee, and his attorney J. W. Dignan, to appear on June 1, 1936, and show cause why they should not be required to surrender and deliver to the receiver all of the personal property described in the petition. On said 1st day of June 1936, petitioners filed their answer to the petition for order to show cause, and on the same day and before the hour set for said show cause hearing, said Warren, Cohee, and Dignan filed with the clerk of the district court an affidavit of J. W. Dignan alleging prejudice on the part of Judge Dysart, and immediately when said hearing was called for trial

demanded that another judge be called to try the said hearing on order to show cause. Said affidavit of prejudice was filed under the provisions of section 8407 N. C. L., as amended Stats. 1931, p. 247, c. 153, sec. 1, and according to the allegations of the petition, was filed by said J. W. Dignan "both as attorney for the petitioners herein and for himself individually." At the time of filing said affidavit, petitioners paid the clerk the sum of $25 as required by said section. Judge Dysart refused to call another judge and stated that he would proceed to the trial of said show cause hearing on June 15, 1936. Petitioners then instituted the instant proceeding in this court, praying for a writ of mandamus to compel Judge Dysart to call in another judge to hear and determine the issues raised by said petition for order to show cause and the answer thereto.

Petitioners contend that when J. W. Dignan's affidavit of prejudice was filed and the $25 paid to the clerk, the only course that Judge Dysart could lawfully pursue was to request some other district judge to preside on the hearing to show cause. They argue that there has not been one change of judge within the meaning of section 8407.02 N. C. L., Stats. 1931, p. 248, c. 153, sec. 45b (as added by section 3) ; that even if there has been one change of judge within the meaning of that section, the change would operate only as to H. C. Warren and not as to either Harry Cohee or J. W. Dignan, who were not defendants in the main action; that the show cause proceeding is a civil action within the meaning of said amended section 8407 N. C. L., or at least a proceeding in a civil action, and that petitioners were not too late in filing the affidavit of prejudice or paying the $25 to the clerk [citing State ex rel. Stokes v. Second Judicial District Court, 55 Nev. 115, 27 P. (2d) 534] ; that while plaintiff stipulated to the time set for the trial, he did not stipulate that it should be heard by Judge Dysart.

Respondents contend that there was one change of judge within the meaning of said section 8407.02

N. C. L., Stats. 1931, p. 248, sec. 45b; that petitioners waived any objection to Judge Dysart; that the hearing on the order to show cause is not a civil action within the meaning of said amended section 8407 N. C. L.; that the affidavit of prejudice was filed, and the $25 paid to the clerk, too late. The provisions of amended section 8407 and section 8407.02 N. C. L., Stats. 1931, p. 248, sec. 45b, are set forth in a recent decision of this court. Roberts M. & M. Co. v. Third Judicial District Court, 56 Nev. 299, 50 P. (2d) 512. It seems unnecessary to again set them forth in full.

■ We are inclined to agree with petitioners that when Judge Dysart was called in to try civil action No. 3335 on the merits, there was not a change of judge within the meaning of said section 8407.02 N. C. L., Stats. 1931, p. 248, sec. 45b, although there was a change of judge in fact. It may well be that if defendants, after Judge Dysart had been called into the case at their request, had later filed an affidavit of prejudice and paid the clerk $25 under the provisions of amended section 8407 N. C. L., we would hold that they were estopped from being granted a change of judge under said section; but that is not the same thing as saying that when Judge Hawkins voluntarily disqualified himself on the mere request of defendants and called in Judge Dysart, a change of judge was granted within the meaning of section 8407.02 N. C. L., Stats. 1931, p. 248, sec. 45b. In other words, by "change of judge," as used in that section, is meant a change of judge granted pursuant to the filing of an affidavit and payment of $25 to the clerk as provided in said section 8407.

■ We come now to a consideration of the question whether there was a waiver of the right to be granted a change of judge under the provisions of amended section 8407 N. C. L. In our opinion that right was waived by plaintiff when he not only failed to object to the calling in of Judge Dysart, but expressly stipulated that the cause be set down for trial on January 2, 1936, and

that the action be assigned to Judge Dysart "for all further proceedings to be had therein, granting and giving unto said judge all power and authority in the premises." It is true, as pointed out by petitioners, that the minute order of December 6, 1935, after first setting forth that the date for the trial was set down upon stipulation of counsel for the respective parties, goes on to say that: "It is further ordered that this case upon demand of defendants be and hereby is assigned for further proceedings to the Hon. James Dysart," etc. Taken by themselves, these minutes would not affirmatively show that plaintiff agreed to anything further than the setting of the case for trial on January 2, 1936; but the affidavit of Judge Hawkins expressly states that his order assigning the case for all further proceedings to Judge Dysart was made "after conference with counsel for respective parties, whereat it was agreed by and between counsel for the respective parties that it would be agreeable for me to assign said case for all further proceedings to Hon. James Dysart," etc. This statement is undenied in the record and is not inconsistent with the minutes of December 6, 1935.

When Judge Hawkins decided to relieve defendants of the necessity of paying $25 to the clerk by disqualifying himself and agreeing to call another judge, plaintiff was under no duty to agree upon the judge to be designated. He could have allowed Judge Hawkins to decide upon the particular judge to be called in, thus reserving his right to disqualify such other judge under the provisions of said amended section 8407 N. C. L. He chose, however, not only to agree upon Judge Dysart as the judge to try the case, but went further and expressly agreed that the cause should be assigned to Judge Dysart "for all further proceedings." By voluntarily entering into this stipulation, plaintiff, in our opinion, waived his right to afterwards disqualify Judge Dysart under the provisions of amended section 8407 N. C. L.

We have not been able to find statutes in any other state the same as the Nevada sections cited herein,

though there are similar statutes in a number of states. Neither have we been able to find any case presenting the same situation as in the instant case. We have endeavored to cover the whole field relating to waiver of disqualification; but while Washoe Copper Co. v. Hickey, 46 Mont. 363, 128 P. 584, and a few other cases, have been of some assistance, none is. directly in point.

■ In the oral argument in this court, petitioners placed special emphasis upon the fact that neither Mr. Cohee nor Mr. Dignan was or is a party in said district court action No. 3335. It is contended that even if plaintiff waived the right to file a disqualifying affidavit against Judge Dysart, certainly Mr. Cohee, and particularly Mr. Dignan—not parties to the main action, but brought into court by receiver on the order to show cause—cannot rightly be held to have lost their right to disqualify Judge Dysart under the provisions of amended section 8407 N. C. L. But an examination of the whole record fails to disclose any particular in which either Mr. Dignan or Mr. Cohee was or is individually interested. We are unable to see in what way the disqualification of Judge Dysart would or could affect either Mr. Dignan or Mr. Cohee personally. Mr. Dignan's only connection with the case appears to be as Mr. Warren's attorney, while Mr. Cohee's only interest is as his foreman. In other words, as it appears to us, Mr. Warren was the person whose interests were being litigated, and he had already waived his right to file a disqualifying affidavit. Neither Mr. Dignan nor Mr. Cohee was a party entitled to disqualify Judge Dysart. An analogous situation was presented to the Supreme Court of Montana in the case of Gehlert v. Quinn, 38 Mont. 1, 98 P. 369.

■ Presumably for the purpose of showing his personal and individual interest in the show cause proceedings, Mr. Dignan said, on oral argument, that the petition for order to show cause in the district court "shows they wanted an order against me to surrender $5,000.00 or put me in jail until I do surrender it"; but

said petition does not ask for such an order. It asks only for an order directing H. C. Warren, Harry Cohee, and J. W. Dignan to appear on a day certain "and to then and there show cause, if any they have, why they should not be compelled to deliver up to your petitioner said property and the whole thereof, and that such other and further orders be therein entered upon the hearing of said order to show cause as will enable your petitioner to properly administer the affairs of his said Receivership, and to preserve the assets thereof, and for such other and further orders as may be necessary, expedient and advisable in the premises." It is our opinion that the petition for an order to show cause could not be the basis for an order or judgment punishing any of said three parties for contempt.

We deem it unnecessary to discuss other questions referred to in the briefs and oral argument.

The petition for a peremptory writ of mandamus is denied, and the alternative writ dismissed.