STATE OF NEVADA, ON THE RELATION OF LIZZIE BACKER, FRED D. BACKER AND WILLIAM J. BACKER, RELATORS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND HONORABLE A. S. HENDERSON, DISTRICT JUDGE, RESPONDENTS.

No. 3821

September 30, 1954.                    274 P.2d 571.

*Guild, Busey & Guild,* of Reno, for Relators.

*Taylor & Gubler,* and *Earl & Earl,* of Las Vegas, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an application for writ of mandate. It raises the question whether respondent judge, having been disqualified from sitting in a cause, properly assigned that cause to another judge. Relators contend that the assignment was improper and in violation of statute. They ask that respondent be compelled by writ to make a proper assignment in accordance with statutory requirements.

On April 21, 1954 respondent judge, sitting in a cause to which relators were parties, was disqualified by the filing by relators of an affidavit charging that respondent entertained a bias or prejudice against them. At a conference in chambers that day the matter of assignment to another judge was discussed by respondent and by counsel for all parties to the action. Counsel for relators advised that his clients would object to an assignment to Hon. Frank McNamee, district judge of Clark County, for the reason that Judge McNamee also entertained a bias and prejudice against them. An agreement was then reached between counsel that the case should be assigned to Hon. Frank Gregory, district judge of

Ormsby County. On April 30, Judge Gregory advised that he could not accept the assignment.

On May 3 respondent judge ordered a hearing to permit the urging of objections, if any, to the assignment of the cause to Judge McNamee. On May 19 that hearing was had. Relators filed a formal written objection which contained no explanation and stated no ground or reason. At the hearing counsel for relators also stated to the court "* * * that Judge McNamee is biased and prejudiced against the plaintiffs and in favor of the defendants and that plaintiffs cannot receive a fair and impartial trial before Judge McNamee." No explanation of the nature of the bias and prejudice was given. Respondent judge then ruled the objection to be insufficient and entered an order assigning the matter to Judge McNamee.

The affidavit relating to respondent judge was filed pursuant to sec. 8407, N.C.L.1931–1941 Supp., which provides in part as follows: "A judge shall not act as such in an action or proceeding: First, when he is a party to or interested in the action or proceeding. Second, when he is related to either party by consanguinity or affinity within the third degree. Third, when he has been attorney or counsel for either of the parties in the particular action or proceeding before the court. Fourth, when he is related to an attorney or counselor for either of the parties by consanguinity or affinity within the third degree. Fifth, if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action, such judge shall proceed no further therein, but either transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action. * * *"

The objection to Judge McNamee was urged pursuant

to sec. 8407.02, N.C.L. 1931–1941 Supp., which reads as follows: "Not more than one change of judge may be granted in any civil action, whether such change be granted upon affidavit filed therefor or on the judge's own motion, but each party to the action shall have an opportunity to urge his objections to any judge before the action or proceeding is assigned to another judge, and the assignment shall be to the most convenient judge to whom the objections of the parties do not apply or are least applicable."

Relators contend that in absence of express statutory requirement there is no more need to provide a factual basis for one's objections than there is to provide such a basis for the assertion of bias and prejudice in the original affidavit of disqualification. They contend that upon their objection having been made, no further discretion remained in respondent judge; that he was obliged by statute to assign the matter to some judge other than Judge McNamee.

We are unable to agree with these contentions. In our view the language of sec. 8407.02 in the light of sec. 8407, confers upon the disqualified judge the authority and duty to hear and determine the sufficiency of the objections urged to the proposed assignment.

It is clear from Roberts Mining & Milling Co. v. Third Judicial District Court, 56 Nev. 299, 50 P.2d 512, and State ex rel. Warren v. Sixth Judicial District Court, 57 Nev. 214, 61 P.2d 6, that the provision of sec. 8407.02 that "not more than one change of judge may be granted" has reference to a change to relieve from bias and prejudice (upon the fifth ground for disqualification or the judge's own motion). It is pointed out in Roberts Mining & Milling Co. v. Third Judicial District Court, supra, that in order to protect against abuse, some such limitation is customary and constitutionally valid where bias or prejudice is by statute made ground for disqualification. From this provision of limitation the legislative

intent would appear to be that a party may not accomplish more than one change of judge by means of the unsubstantiated charge of bias or prejudice for which the statute provides.

Under relators' contentions, however, an unlimited number of judges could arbitrarily be prevented from sitting by the filing of "objections" confined to a bare assertion of bias or prejudice. While it may be argued that no "change of judge" results from such an objection, still by proceeding before assignment, one more judge has in effect been disqualified from acting and the disqualification has been accomplished without the safeguards of oath or certificate of good faith required in the first instance by sec. 8407. Certainly the legislature could hardly have meant to provide that its intended protection against abuse could by such means be completely frustrated.

We conclude that relators' opposition to assignment to Judge McNamee was insufficient to constitute a valid objection under the statute.

While the record itself is not clear upon the facts, one further question has been raised by argument. It appears that relators' reasons for seeking disqualification of respondent judge and urging objections to Judge McNamee are that relators are residents of Washoe County; that opposing parties in the action to which this petition relates are residents of Clark County; that property located in Clark County is involved in that action; that both respondent judge and Judge McNamee are judges of the Clark County district court. These reasons apparently were expressed to respondent at some time prior to the entry of his order of assignment to Judge McNamee. They might, therefore, be regarded as supplementing the formal written and oral opposition as discussed. Accepting this proposition, may these reasons be said to constitute a valid objection?

The facts as stated do not demonstrate the existence of actual bias or prejudice. At most they may be said to establish circumstances from which relators have inferred bias or prejudice to exist. Relators contend that in the absence of an indication of bad faith, this should be sufficient. In this we are unable to agree.

The fifth basis for disqualification set forth in sec. 8407 does defer to the judgment of the litigant as to the existence of bias and prejudice in that it permits such determination in good faith to be made by the party himself. However, we are again confronted with the apparent legislative intent that this method of disqualification shall be available to a party but once.

The first four grounds for disqualification specify circumstances under which lack of impartiality may be presumed to exist; circumstances under which the existence of actual lack of impartiality need not be established. In our view, these instances having been so specified, in the absence of such circumstances the existence of actual bias or prejudice, entertained by the particular judge involved, is a material and necessary consideration.

The facts upon which an objection under sec. 8407.02 is based must, then, reasonably tend to show actual bias or prejudice or that for some persuasive reason a speedy or impartial trial before the judge in question might not be had. The facts asserted do not meet this standard.

Writ denied with costs to respondents.

EATHER, C. J., and BADT, J., concur.