RUSSEL S. WEEKS, Appellant, *v.*
DOROTHY C. WEEKS, Respondent.

No. 4183

October 19, 1959                    345 P.2d 228

*Vaughan and Hull,* of Elko, and *Pike & McLaughlin,* of Reno, for Appellant.

*Ralph L. Denton,* of Las Vegas, and *Bible, McDonald and Jensen,* of Reno, for Respondent.

412

# OPINION

By the Court, McNamee, C. J.:

This is an action for divorce which originally came before this court for the purpose of reviewing the judgment of the trial court with respect to the division of property. The judgment was reversed with regard to the ownership of securities worth approximately $120,000 which had been awarded to the husband as his sole and separate property. At that time this court said:

"Reversed and remanded with instruction to modify the judgment by providing that the securities therein listed are owned by the parties * * * as joint tenants with right of survivorship and not as tenants in common, and for further proceedings in accordance with this opinion."

Prior to this concluding paragraph the opinion contained the following:

"In remanding this case, a further observation is necessary. We have statutory provisions to guide the court in making disposition of community property of the parties. No such disposition may be made by us in the first instance. Our holding that the securities are the joint property of the parties may well disturb the factual situation upon which the trial court relied in making its final disposition of the property of the parties. On remand, therefore, the trial court must be left at liberty to make a final order for such disposition,

after such hearing and upon such notice to the parties as may appear proper." See Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750.

This ruling which gave the wife approximately $60,000 worth of property theretofore, by the trial court, awarded to the husband, made the wife that much richer while at the same time it made the husband that much poorer. This changed situation of the parties would therefore under our statute[1] be a matter for the trial court to consider in its disposition of the community property, and it obviously was a matter not considered or contemplated by the trial court in its original decision.

"The condition in which they will be left" by the divorce is materially changed by the reversal and it then became the duty of the trial court to take into consideration the new situation of the parties in order to determine whether its original disposition of the community property was proper.

Of course it was contemplated that the reconsideration would be made by Judge Wines, the judge who had tried the case.

On remand Judge Wines made an order assigning the case to Judge Watson. The wife then filed a motion for the court "to conform its findings, conclusions, and judgment and decree to the decision of the Supreme Court." The husband also filed a motion for the court "to make a final order of disposition of the community property of the parties, and in making said order, to redistribute the said community property, on the ground that the factual situation upon which the trial court relied in distributing the community property in the first instance had been changed by the decision of the Supreme Court."

Prior to the argument on these motions, counsel for

[1] NRS 125.150(1) In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.

the husband, appellant herein, orally made an "objection to the procedure wherein a judge, other than the trial judge who heard the evidence originally is permitted to hear and rule upon defendant's motion to redistribute." This objection was overruled.

After hearing the said motions of the respective parties, and considering the transcript of the evidence in the original trial, Judge Watson entered a judgment to the following effect:

The original judgment and decree was modified to provide (1) that the securities were the property of the parties as joint tenants with right of survivorship and not as tenants in common; and (2) that appellant pay respondent interest at the rate of 6 percent per annum on the deferred payments due or to become due under the original judgment which was silent as to interest, with such interest to be a lien as in the case of the principal sum.

Appeal is now before us on this latter judgment.

Appellant contends that it was error (1) for Judge Wines to disqualify himself after remittitur from the Supreme Court, and (2) to assign the case for further proceedings to a judge who had not heard the testimony.

We are of the opinion that this contention of appellant cannot be sustained in view of our expressions in State v. Blackwell, 65 Nev. 405, 198 P.2d 280, 283, 200 P.2d 698, wherein we said: "There arises from the language of the rule the necessary inference that a judge empowered to hear a case has the power, in his discretion, to request another judge to assume jurisdiction of such cause. Such request, in the present case, appears by assignment on the minutes of the court. Under the rule mentioned, the judge so assigning a case is not required to state the reasons therefor."

The fact that Judge Wines had heard the case originally, and that Judge Watson had not heard any of the testimony but considered it and the other evidence solely from the transcript of the original trial was not prejudicial under the existing circumstances. Appellant did

not request a new trial on the matter of the distribution of the community property, and he proceeded to present his said motion for redistribution, referring at length to the evidence in the transcript, and made no suggestion of any kind that further testimony or other evidence be presented for consideration. He gave no indication that there had been any change of conditions with respect to the property or the situation of the parties since the time the case was tried some five years before. The overruling of his objection "to the procedure wherein a judge other than the trial judge who heard the evidence originally is permitted to hear and rule upon defendant's motion to redistribute" was not erroneous under such circumstances.

The appellant's said motion as presented and his argument with reference thereto were based entirely upon the proposition that by reason of this court's ruling the husband was poorer and the wife richer as hereinbefore related; that therefore there should be a redistribution of the community property. Judge Watson's decision after considering this matter in detail recited: "We think that it would not and should not have been held that because plaintiff was the owner of half of the securities by gift that her distributive share of the value of the [community] property should be reduced by the amount of the value of the securities. This would ignore the nature of the acquisition of the ranching property and through whom the property was acquired as revealed by the transcript." In other words Judge Watson concluded that the changed status of the securities should not alter the equal distribution of the community property.

Equal distribution of the community property appears to be the rule in most cases. (Assignment of the husband's separate property to the wife for her support does not enter the case.) In our opinion the equal distribution of the community property in this case was proper. It does not offend any of the statutory specifications under which a court is required to make a distribu-

tion of the community property "as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired."

It must be apparent to anyone reading our former opinion herein, that this court felt, because it caused property to be taken from the husband and given to the wife after the trial court's determination of the division of the community property, that the trial court might want to redetermine such division in order to give some kind of compensation to the husband for this loss. We did not order the trial court to give any such relief, we merely wanted the trial court to feel free to make a redetermination if it was so inclined. It certainly was not contemplated that the trial court in view of the changed situation of the parties would from the existing record alone further increase the husband's obligations to his wife. In the award of interest, this was the result.

The judgment is modified by deleting the requirement that appellant pay respondent interest on any delayed or deferred payments due or to become due under the original decree of divorce entered on October 14, 1955, except that in the case of any delinquent payment due or to become due thereunder, such delinquent payment shall bear interest at 7 percent per annum from the date of delinquency.

As so modified, the judgment appealed from is affirmed. Respondent to recover her costs.

BADT, J., and HANNA, D. J., concur.

PIKE, J., having disqualified himself, the Governor designated Honorable Richard R. Hanna, Judge of the First Judicial District Court, to sit in his place and stead.