MADISON NATIONAL LIFE INSURANCE COMPANY, INC., OF WISCONSIN, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HON. ROSCOE H. WILKES, JUDGE THEREOF, RESPONDENTS.

No. 5563

January 6, 1969                               449 P.2d 256

*Oliver C. Custer,* of Reno for Petitioner.

*Richard P. Wait,* of Reno, for Respondents.

## OPINION

By the Court, COLLINS, C. J.:

Madison National Life Insurance Company seeks to prohibit the Second Judicial District Court of Nevada and the Honorable Roscoe H. Wilkes, acting judge thereof, from proceeding further with the enforcement and execution of an order issued by that court and judge on March 11, 1968. We agree that the enforcement should be prohibited and direct that the Alternative Writ of Prohibition be made permanent.

On December 27, 1967, Richard P. Wait, Esquire, filed his petition seeking compensation for legal services rendered in that case entitled "State of Nevada, ex rel Louis T. Mastos, Insurance Commissioner of the State of Nevada vs. Mark Twain Life Insurance Company, Action No. 229574, Department No. 2, Second Judicial District Court of Nevada, In and for Washoe County." Subsequent to this petition, Mark Twain Insurance Company and Madison National Life Insurance Company merged while the former was in receivership. That action had previously been assigned to Judge Wilkes by order of the Supreme Court of Nevada on June 16, 1966, pursuant to the authority of NRS 3.040(2). Judge Wilkes,

who resides in Ely, Nevada, is the duly constituted judge of the Seventh Judicial District Court of Nevada, in and for White Pine County.

On January 26, 1968, by stipulation of the parties to action number 229574, Judge Wilkes held a hearing in Ely, Nevada, in open court on Wait's petition for counsel fees. On March 11, 1968, he ordered that counsel fees in the amount of $16,460 be paid Wait by Madison National Life Insurance Company from the assets of Mark Twain Life Insurance Company.

Petitioner seeks to prevent execution upon or enforcement of that order on the ground that neither the Second Judicial District Court nor Judge Wilkes as an acting judge thereof had jurisdiction to act outside that district and therefore the order entered following the hearing in Ely, Nevada, is void. We agree.

While many issues were urged upon us in this matter, we think the decisive issues are these:

1. Was the hearing in Ely, Nevada, on the petition for compensation an attempt by Judge Wilkes to sit as an acting judge of the Second Judicial District Court?

2. Was the hearing in Ely, Nevada, a violation of NRS 1.050 and thus void?

1. The hearing held by Judge Wilkes was in open court but in Ely, Nevada. The order issued was entitled "In the Second Judicial District Court." The court minutes indicate the case was filed in the Second Judicial District Court, Washoe County, Reno, Nevada. Under no circumstances can it be considered that the hearing was held or the order entered while Judge Wilkes was sitting as a judge of his own Seventh Judicial District Court.

This court held in Ex parte Gardner, 22 Nev. 280, 39 P. 570 (1895): ". . . it is not possible for one court to reach out and draw to itself jurisdiction of an action pending in another court, even when done with the consent of parties. . . ."

Had the matter been one that Judge Wilkes could have heard and disposed of in chambers,[1] perhaps the result would

---

[1]See NRCP 77(b), which provides: "TRIALS AND HEARINGS; ORDERS IN CHAMBERS. All trials upon the merits shall be conducted in open court and so far as convenient in a regular court room, except private trial may be had as provided by statute. All other acts or proceedings may be done or conducted by a judge in chambers, without the attendance of the clerk or other court officials and at any

have been different. See Roberts Mining & Milling Co. v. District Court, 56 Nev. 299, 50 P.2d 512 (1935). But the judge and counsel having chosen to hold an open session of the Second Judicial District Court, we must resolve the question with that fact in mind.

2. The open session of the Second Judicial District Court held in Ely, Nevada, was also in violation of NRS 1.050, which provides:

"COURTS, WHERE HELD. Every court of justice except justice's or municipal court, shall sit at the county seat of the county in which it is held. Justices' courts shall be held in their respective townships, precincts or cities, and municipal courts in their respective cities."

District courts are "courts of justice." NRS 1.010. We hold that NRS 1.050 prohibits a district court from sitting as a court other than at the county seat of a county within the district.

While District Court Rule 23(1) provides, "With the consent of the judge first having jurisdiction of the cause, any issue of law and any motion of any nature or kind may be heard orally by stipulation of the parties, at any time or place agreed on in the state; or such question of law or motion may be submitted on briefs to such judge, and the decision may be filed thereafter at any time"; and NRCP 77(b) defines what must be done in open court and what may be done in chambers, both rules, to stand, must be in harmony with NRS 1.050. Accordingly, any proceeding which requires evidence, testimony or fact finding under NRCP 77(b) must be heard in open court where the particular court sits. Any issue of law or other motion may be an in chambers matter and may be heard or submitted as authorized in NRCP 77(b) and DCR 23(1).

Under this construction, the rules are in harmony with the statute.

Because there was fact finding in an open session of the Second Judicial District Court held in Ely, Nevada, the order was void.

Respondent contends that NRS 3.220 authorizes the action taken by Judge Wilkes in this case. However, this statute refers to the extraterritorial power of judges rather than the extraterritorial power of courts.

place either within or without the district; but no hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby."

The above-entitled court and judge are permanently prohibited from executing upon or enforcing the order of March 11, 1968.

Let the writ issue.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.