WANDA L. MILLER, APPELLANT, *v.* JUDITH ANN ASHURST, KENT ASHURST, ET AL., RESPONDENTS.

No. 5885

April 15, 1970                    468 P.2d 357

*Wait & Shamberger* and *Larry D. Struve,* of Reno, for Appellant.

*Laxalt, Bell, Berry, Allison & Le Baron,* of Carson City, for Respondents.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from an Order entered January 10, 1969, changing the place of trial of the action from the Sixth Judicial District Court to the Second Judicial District Court, for the convenience of the witnesses and to promote the ends of justice as authorized by NRS 13.050(2)(c).

On September 18, 1968, respondents (plaintiffs below) moved the Sixth Judicial District Court for an order changing the place of trial from that court to the Second Judicial District Court pursuant to NRS 13.050(2)(c). That provision authorizes a change of venue "[w]hen the convenience of the witnesses and the ends of justice would be promoted by the change." By stipulation, the parties set the matter for hearing before Judge Young of the Sixth Judicial District Court in Reno on December 20, 1968. On the date set, the hearing was held in a court room of the Second Judicial District Court. There was a reporter present who transcribed the hearing,

and that transcript is part of the record before this court on appeal. It also appears there was a deputy clerk of the Second Judicial District Court in attendance.

At the close of the hearing, Judge Young granted the motion and said he would prepare a formal order for the attorneys' records. Subsequently, on January 10, 1969, Judge Young entered his order granting the change of venue and accompanied this order with findings of fact and conclusions of law.

In the meantime, on January 6, 1969, this court filed its opinion in Madison Nat'l Life Ins. Co. v. Second Judicial Dist. Ct., 85 Nev. 6, 449 P.2d 256 (1969). In that case, this court said: "[A]ny proceeding which requires evidence, testimony or fact finding under NRCP 77(b) must be heard in open court where the particular court sits. Any issue of law or other motion may be an in chambers matter and may be heard or submitted as authorized in NRCP 77(b) and DCR 23(1)." The court further held that "NRS 1.050 prohibits a district court from sitting as a court other than at the county seat of a county within the district." Madison concerned a hearing on a petition for counsel fees heard by Judge Wilkes of the Seventh Judicial District Court, in Ely, while sitting as a judge of the Second Judicial District Court. This court said, "Because there was fact finding in an open session of the Second Judicial District Court held in Ely, Nevada, the order was void."

1. The rule announced in Madison is clearly applicable to the issue involved here. The record is replete with evidence that the hearing was fact finding procedure. NRS 13.050 requires the trial judge to find factually that an order changing venue would promote the convenience of witnesses and the ends of justice. Indeed, it is difficult to discern what, if any, issue of law was before the lower court in ordering the change of venue.

2. Respondents argue, however, that the rule in Madison should be applied prospectively only and not control the issues in this case. They also urge the court to take into consideration ch. 338 [1969], Stats. of Nev. 591, effective July 1, 1969,[1] nearly six months after the order in this case and our decision in Madison. We are not persuaded by either argument.

---

[1]"The parties to an action in a district court may stipulate, with the approval of the court, that the action may be tried, or any proceeding related to the action may be had, before that court at any other place in this state where a district court is regularly held."

There are instances where appellate decisions have been made prospective only, but where that has been done, prospective application has been specifically ordered for compelling reasons. No compelling reasons have been shown and none appear to this court for such an order.

In Volume 1 of this court's opinions, it was held in passing upon the question of retroactivity of a legislative enactment, "the courts will not give a retrospective interpretation to statutes unless the intention of the lawmakers is so plain, either by express words, or by unavoidable implication, as not to fairly admit of the opposite construction." Milliken v. Sloat, 1 Nev. 573, 577–78 (1865). Furthermore, application and interpretation of that statute may give rise to constitutional questions.[2] We will not undertake to decide those issues until they are presented to us in a proper case.

3. Where, as here, a fact finding session of the Sixth Judicial District Court was held in open court in another judicial district, the order resulting was void. Madison Nat'l Life Ins. Co. v. Second Judicial Dist. Ct., supra.

Reversed and remanded for further proceedings.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]See Article 6, Section 7 of the Nevada Constitution and Ex parte Wonacott, 27 Nev. 102, 73 P. 661 (1903).