A. W. HAM, JR., Petitioner, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and For the County of Clark, and THE HONORABLE LLEWELLYN A. YOUNG, ASSIGNED JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and For the County of Clark, Respondents.

No. 9536

July 15, 1977                     566 P.2d 420

*Dickerson, Miles, and Pico,* Las Vegas, for Petitioner.

*Lionel, Sawyer, and Collins,* Las Vegas, for Respondents.

**OPINION**

By the Court, MANOUKIAN, J.:

This is an original proceeding wherein Petitioner requests this Court to issue a writ of prohibition, which if granted, would preclude the Honorable Llewellyn A. Young, District Judge, from disqualifying himself as presiding Judge relative to these actions.

Two questions are presented for our determination in this extraordinary proceeding. (1) Whether a writ of prohibition is the proper remedy; (2) Whether a district court judge can voluntarily disqualify himself from participation in or consideration of proceedings pending before him, absent a judicially-warranted reason or justification for such a recusal. We answer the first issue in the affirmative and, upon these facts, the latter in the negative.

On October 15, 1973, being advised that all of the judges then sitting in the Eighth Judicial District had voluntarily

recused themselves, this Court assigned Respondent, the Honorable Llewellyn A. Young, from the Sixth Judicial District, to preside on two consolidated civil actions in that district. Petitioner and Doris Ham Shupe are adversaries in that litigation. Since that time, the Respondent has presided over these consolidated proceedings for a period well in excess of three years and in doing so has heard and decided a number of contested motions including cross-motions for summary judgment February 16, 1977, which were decided in favor of Petitioner and against Ms. Shupe.

When Respondent ruled on the above motions, he set several remaining motions for hearing and decision commencing February 22, 1977, prior to the scheduled commencement of the jury trial February 28, 1977, and ordered that immediately thereafter, a stipulated-to, pre-trial conference would be held February 22, 1977, to and including February 26, 1977. On the morning of February 22, 1977, and prior to the hearing on the motions, the attorney for Ms. Shupe requested that counsel for both parties meet in chambers with Respondent. During this meeting, counsel for Ms. Shupe stated that his client believed Judge Young to be biased and prejudiced against her and further suggested that the jurist should voluntarily disqualify himself from further proceedings.

In response to these allegations of bias and prejudice, Respondent informed counsel that he entertained no such bias or prejudice for or against either party, stating additionally that during the course of the proceedings, he had ruled in favor of and against both parties. Notwithstanding this, the Judge agreed to disqualify himself and allow the parties fifteen days within which to agree upon a judge to whom the case would be reassigned.

The next day, February 23, 1977, in furtherance of the disqualification request, proceedings were conducted before Respondent with counsel for both parties present. During that proceeding, the previous day's in-chambers discussion was substantially reiterated and made of record, and a proposed order of disqualification was presented to the Judge for signature by counsel for Ms. Shupe. Counsel for Petitioner objected to the reassignment contending that such a voluntary recusal, following as it did an untimely suggestion of bias and prejudice, was improper where it was expressly denied that bias or prejudice was the reason for the volunteered withdrawal. The formal written order of disqualification was not signed, and it is from the oral order of February 22, 1977, therefore, upon which Petitioner has based this application for extraordinary relief.

### 1. *Whether a writ of prohibition is the proper remedy?*

Preliminarily, this Court is asked to decide whether or not a writ of prohibition is the proper procedure with which to resolve a question concerning the propriety of a trial judge's voluntary disqualification. It is clear that a writ of prohibition must issue when there is an act to be "arrested" which is "without or in excess of the jurisdiction" of the trial judge under NRS 34.320,[1] Culinary Workers v. District Court, 66 Nev. 166, 207 P.2d 990 (1949); Seaborn v. District Court, 55 Nev. 206, 29 P.2d 500 (1934), and "where there is not a plain, speedy and adequate remedy in the ordinary course of law" pursuant to NRS 34.330.[2] Heilig v. Christensen, 91 Nev. 120, 532 P.2d 267 (1975).

Since the voluntary order of disqualification of a judge is not an appealable order in the "ordinary course of law", NRAP 3A(b), *see* Clack v. Jones, 62 Nev. 72, 140 P.2d 580 (1943), Petitioner is, therefore, without a "plain, speedy and adequate remedy at law." The unavailability of a valid legal basis for review satisfies one of the requirements for the issuance of a writ. The question of whether Respondent's action in this case exceeded the jurisdiction of the court below, to fulfill the second prerequisite for issuance is, in actuality, the substantive issue raised by this petition, that of whether the recusal here, albeit voluntary, was proper. A resolution of this issue then will necessarily be dispositive of the question of "excess of jurisdiction", and we turn now to consider it.

### 2. *Whether a district court judge can voluntarily disqualify himself from participation in or consideration of proceedings pending before him absent a judicially-warranted reason or justification for such a recusal?*

Petitioner contends that there does not exist that power inherent in the position which enables a trial judge, without exceeding his jurisdiction, to voluntarily recuse himself not only

---

[1]NRS 34.320 provides: "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of the tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

[2]NRS 34.330 provides: "The writ may be issued only by the supreme court to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit, on the application of the person beneficially interested."

at his discretion, at any time, but further without stating any reasons therefor. Looking beyond NRS 1.230(3)[3] standing as the sole statutory authority for a disqualification, *sua sponte*, "upon the ground of actual or implied bias", Ms. Shupe has directed this Court's attention to District Court Rule 26,[4] a rule restricting the involvement of any other judge into a case without written authority from the then-presiding judge, as it or its similar predecessors have been construed by State v. Blackwell, 65 Nev. 405, 198 P.2d 280 (1948), and Weeks v. Weeks, 75 Nev. 411, 345 P.2d 228 (1959).

The issue we are being asked to resolve is, as we perceive it, more precisely stated, whether a judge may disqualify himself after he has ruled on litigated matters where it is not shown and where the judge denies that he is biased or prejudiced, following an untimely and informal claim of such bias or prejudice being made against him. Since the issue at hand is more specifically that of disqualification voluntarily effected by a district judge, we are constrained to separate the above-mentioned contention, founded as it is on District Court Rule 26, as being inapplicable to a case of voluntary recusal.

While it is true, under *Blackwell* and *Weeks,* a trial judge may reassign a case without being required to state the reasons therefor, it does not *a fortiori* follow that a trial judge can disqualify himself without there being some limit on this discretion. Our reading of NRS 1.230(3) impresses us as requiring some basis for the disqualification.

Here, no explanation of the nature of the claimed bias or prejudice was given and, as such, stands unsubstantiated. Indeed, the trial judge expressly denied that he entertained any bias or prejudice when he offered to voluntarily disqualify himself. There seems to be no other explanation for the judge's voluntary disqualification other than that such a course was

---

[3]NRS 1.230 sets forth the various grounds and procedures for disqualification of judges other than Supreme Court Justices. The relevant portion is as follows: "3. A judge, upon his own motion, may disqualify himself from acting in any matter upon the ground of actual or implied bias."

[4]District Court Rule 26 provides in relevant part: "1. Except as otherwise provided in subsection 2 of this rule, when any district judge shall have entered upon the trial or hearing of any cause, proceeding, or motion, or made any ruling, order, or decision therein, no other judge shall do any act or thing in or about such cause, proceeding, or motion, *unless upon written request of the judge who shall have first entered upon the trial or hearing of such cause, proceeding, or motion.*" [Emphasis added.]

suggested to him attendant to a claim of bias. While we are entirely mindful that the direction of NRS 1.230(3) is not mandatory in setting forth "actual or implied bias" as a ground for a volunteered recusal, we cannot expand this permissiveness to allow disqualification on any grounds whatsoever.

In Zuniga v. Superior Court, 269 P.2d 720 (Ariz. 1954), the court affirmed the voluntary disqualification of a trial judge stating:

> . . . [W]e hold that a judge may on his own motion, if he acts timely, recuse himself even though the reason given might not be sufficient to form a basis of legal disqualification.

*Id.* at 721.

The general rule is set forth in 48 C.J.S. *Judges,* § 93, (1947), as follows:

> It is the duty of a judge, however, to exercise the judicial functions only conferred on him by law, and he has no right to disqualify himself in the absence of a valid reason.

*See* Conkling v. Crosby, 239 P. 506 (Ariz. 1925).

In State v. Allen, 206 N.E.2d 139 (Ind. 1965), the court stated:

> A judge *has a discretion* to disqualify himself as a judge in a case if he feels he cannot properly hear the case because his integrity has been impugned or false charges have been made against him, and he *has a mandatory* duty to disqualify himself if he is prejudiced, interested, or related to any of the parties in litigation. [Emphasis added.]

*Id.* at 142.

We recognize that, apart from NRS 1.230(3), there may exist a number of circumstances over and above those which simply go to bias or prejudice toward a party which could allow, indeed require, disqualification. For instance, were there any suggestion of impropriety or action giving the appearance of impropriety in any given case, as contemplated by Supreme Court Rule 209,[5] then in effect, it seems clear that recusal

---

[5]Supreme Court Rule 209 provides: "A judge's official conduct should be free from impropriety and the appearance of impropriety. He should avoid infractions of law, and his personal behavior, not only upon the Bench and in the performance of judicial duties, but also in his everyday life, should be beyond reproach."

Supreme Court Rule 209 has been replaced by Canon 2A of the

would be a necessary step to alleviate or obviate such an appearance.

We choose to adopt a more practical construction of NRS 1.230(3), one which allows the voluntary disqualification of a judge not for any reason, but for only those reasons which reasonably appear to be judicially warranted. However, we find that the instant case in which recusal was effected for seemingly no reason to be outside the allowable limits of any reasonable and practicable interpretation of this statute.

The Legislature intended some reasonable limitation on the disqualification of judges, Backer v. District Court, 70 Nev. 488, 274 P.2d 571 (1954), and in addition to requiring bias or prejudice, either expressed or implied, the ten day time limitation was adopted. NRS 1.230(5). Clearly, these legislative limitations mandate that a judge may not be disqualified by an unsubstantiated charge of bias or prejudice when, as here, an affidavit was not timely filed. To prevent the voluntary withdrawal or disqualification of a judge in these circumstances would not protect against abuse, which was clearly one of the legislative objectives in adopting this legislation.

We find it incumbent as an obligation attendant to the performance of judicial duties and responsibilities that a judge should continue to serve in a case unless there exists certain circumstances or facts which would, for any number of reasons, necessitate disqualification so that the ends of justice would more fairly and impartially be served for all parties concerned. A trial judge has a duty to preside to the conclusion of all proceedings, in the absence of some statute, rule of court, ethical standard, or other compelling reason to the contrary. Here, Respondent was assigned by this Court to hear all matters incident to these proceedings until final judgment. Respondent is fully familiar with the issues of law and fact as well as complexities of these cases. To permit a disqualification on these facts would result in a substantial inconvenience to the court and all parties and persons directly or indirectly concerned, cause unnecessary delay and expense, and could result in a

Nevada Code of Judicial Conduct, effective July 1, 1977, which provides: "A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL HIS ACTIVITIES. A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

trial judge acting without or in excess of his jurisdiction, contrary to legislative intent, which intent is to expedite proceedings and to require that a judge preside on a case until he is prevented from so doing for proper reason. Should a reason appear, he should then step down and, at that time, explicate his reasons for the withdrawal.

If Ms. Shupe has evidence of actual bias or prejudice and believes Respondent entertains such, she should proceed to proof before an impartial jurist pursuant to NRS 1.230(4). We observe nothing in the record that would show a manifestation of prejudice or bias. If it exists dehors this record, an appropriate motion can be filed at any time, unless the cause is waived. NRS 1.230(4) affords a judge an opportunity of demonstrating his impartiality. Here, without such a proceeding, the unrebutted declarations of a judge that he is not biased or prejudiced fail to satisfy the provisions of NRS 1.230(3). To allow a voluntary disqualification under the instant circumstances would introduce into the judicial procedures in Nevada an approach wholly uncontemplated by our Legislature and this Court.

Finally, we turn again to the question of remedy and conclude that Respondent was without legal authority to withdraw from the case as he purported to do. His action was ineffectual. Had an order of disqualification been signed and entered by Respondent, prohibition would nonetheless have been available to Petitioner, since the judicial action would have been void and improvidently issued, as being in violation of NRS 1.230. *Compare,* Madison Nat'l Life v. District Court, 85 Nev. 6, 449 P.2d 256 (1969). The disqualification in this case, admittedly voluntary, although accomplished for no express reason and at the suggestion of one of the parties, is clearly without or in excess of the jurisdiction of the lower court and therefore succeeds to satisfy the second requirement for issuance of a writ of prohibition.

In so holding, we emphasize that this case is decided on these facts alone. We are not concerned, as we might be in some other case, with express reasons and their validity. Neither are we concerned with reasons which, although unexpressed, prove sufficient to allow disqualification. Here, it is the lack of a proper explanation, or more specifically, that it was expressly indicated that there was no justification for the withdrawal to which we have limited the discussion and our holding.

Accordingly, the writ of prohibition should issue prohibiting the Honorable Llewellyn A. Young from disqualifying himself voluntarily from the pending proceedings. This writ is, of course, retroactive and specific only for, should a judicially-warranted cause arise, the interests of justice would require recusal.

Let the writ issue.

BATJER, C. J., and THOMPSON, and GUNDERSON, JJ., concur.

MOWBRAY, J., dissenting:

Respectfully, I dissent. As I see it, the narrow issue presented is whether a district judge may, when requested to do so, and without confessing bias, disqualify himself from a proceeding and transfer it to another judge. I believe he should have that power. As I understand today's ruling, he will now be precluded from so doing unless he admits bias. Such a precedent is too restrictive. A court has the duty to give the parties a fair hearing, and the parties must know that they have received such a hearing. There may be cases where a judge himself feels he is not biased, yet in the interest of presenting a high standard of impartiality concludes that a requested transfer should be granted.

I am not suggesting that there is presently anything before us showing bias on the part of the respondent judge. If he had denied the request to step down, he may have been acting well within his power to do so, and the parties would have been left to their statutory remedies. I am only expressing the view that this court should let such a decision rest with the trial court.