THE HONORABLE KEITH C. HAYES, Judge, Department IX, of the Eighth Judicial District Court of the State of Nevada, In and For the County of Clark, Petitioner, *v.* THE HONORABLE WILLIAM N. FORMAN, Specially Assigned Judge to the Eighth Judicial District Court of the State of Nevada, In and For the County of Clark, Respondent.

No. 10012

September 16, 1977                    568 P.2d 579

_____

*Rose, Edwards, Hunt & Pearson, Ltd.,* of Las Vegas, for Petitioner.

*Oscar B. Goodman* and *Jerome L. Blut,* of Las Vegas, for Will Contestant.

## OPINION

*Per Curiam:*

Following an evidentiary hearing conducted on charges of actual and implied bias made against Judge Keith C. Hayes by Barbara Cameron who contests the purported Last Will of Howard Robard Hughes, Jr., dated March 19, 1968, Judge William N. Forman disqualified Judge Hayes from acting further in the matter and directed him to assign the cause to another judge. This original proceeding was commenced to compel Judge Forman to restore Judge Hayes as trial judge in that cause, and on August 25, 1977, we entered such an order. This opinion is in explanation thereof.

Judge Forman found no substance to the charge of actual bias. The charge of implied bias rested primarily upon remarks by attorney and substitute executor Harold Rhoden. Rhoden had said: "He's a judge extremely friendly towards us and wants that will to be admitted, and he'd welcome you with open arms . . . like a savior, because the guy's a Mormon . . . to

save this for his church."[1] Rhoden conceded the statement to be pure fabrication. Judge Forman found the statement to be "patently false." Consequently, the basis for the charge of implied bias did not exist.

Notwithstanding the absence of actual or implied bias on the part of Judge Hayes, he was disqualified because "an appearance of impropriety has been created even though the conduct of the judge has been beyond reproach," and this, in the words of Judge Forman, "even though the appearance of impropriety was created by the misconduct of counsel rather than of the Court."

In Ham v. District Court, 93 Nev. 409, 566 P.2d 420 (1977), we recognized that there may be circumstances where the appearance of impropriety may require disqualification if the judge created that appearance. That decision, however, may not be read to countenance disqualification where the judge's conduct is beyond reproach and recusal is sought for admittedly false statements of counsel. Indeed, we find no authority supportive of ouster in these circumstances.

For these reasons we ordered that Judge Hayes be restored as trial judge in case No. 7276 below.

---

[1] Judge Hayes is a Mormon. The purported Last Will of Howard Robard Hughes dated March 19, 1968, includes a bequest of one sixteenth to the Mormon Church. Whether that will is a forgery is the central issue of the will contest.