RAYMOND G. SCHICK, APPELLANT, v. CARMELA M. SCHICK, RESPONDENT.

No. 11435

July 20, 1981                                        630 P.2d 1220

*Perry & Clary,* Las Vegas, for Appellant.

*Earle W. White, Jr.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

   In this appeal from a final divorce decree, the only issue is whether the district court abused its discretion in the property distribution. We reverse.

---

[1]The Governor designated the Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice, who was disqualified. Nev. Const., art. 6, § 4.

In 1965 Raymond and Carmela Schick were married in New York. The parties purchased a duplex in 1970.[1] They separated in 1975, and Raymond subsequently moved to Nevada. Raymond filed a divorce complaint which requested the district court to order the duplex sold and the proceeds divided equally between Raymond and Carmela. Carmela's answer and counterclaim requested the district court to award the duplex as Carmela's separate property.

Raymond was the only witness at trial who testified as to property or financial matters. Carmela, who was present at trial, did not testify. Raymond testified that he is disabled, cannot work, and will be receiving Social Security and Veteran Administration benefits totaling $426 per month. The parties have one child, a teen-age daughter who has been treated for cancer. The disease is in a state of remission, and cancer treatments are provided to the child at no expense to either of the parties.

The duplex is the only significant property owned by the parties. At the time of trial in 1978, the parties had equity of approximately $31,000 in the duplex. Carmela, who works part-time as a manicurist, resides in the duplex and makes the monthly mortgage payments of $130. Carmela receives rent on the upstairs unit, which is enough to pay the entire mortgage.[2] She also receives $80 per month from a separate property mortgage which she holds on other property. At the time of trial, Carmela and the child each received Social Security benefits of approximately $166 per month.

At the conclusion of the trial, the district court awarded the entire duplex to Carmela as her sole and separate property. Appellant Raymond contends the district court abused its discretion. We agree.

The district court is vested with broad discretion in dividing property. Stojanovich v. Stojanovich, 86 Nev. 789, 476 P.2d 950 (1970); Herzog v. Herzog, 69 Nev. 286, 249 P.2d 533 (1952); *see* NRS 125.150(1) and (4). However, equal distribution appears to be the rule in most cases. Stojanovich v. Stojanovich, *supra;* Weeks v. Weeks, 75 Nev. 411, 345 P.2d 228 (1959).

In Stojanovich v. Stojanovich, *supra,* the district court

---

[1]Although the duplex is located in New York, the parties have proceeded under Nevada law. Neither party has taken the position, either in the district court or on appeal, that the district court was without jurisdiction to make an award of the New York property.

[2]Raymond testified that the upstairs unit could be rented for at least $225 per month.

awarded the family home to respondent wife. In reversing the award, this court stated:

> The lower court was concerned principally with support and proper maintenance of the children, not the wife. So far as the home was concerned and the continuing opportunity of the children to reside in the neighborhood of their birth, among their friends and in familiar surroundings during their minority, that could just as well have been accomplished by imposing a "burden" upon it for the benefit of the children as permitted in NRS 125.150(1), allowing them and the mother to continue to live there during their minority, which does not require vesting sole ownership of the home in the wife.

86 Nev. at 793, 476 P.2d at 952-53.

*Stojanovich* is applicable in the present case, where the district court could have imposed a burden on the property to prevent Carmela and the child from being turned out of the family home. Testimony at trial establishes that Carmela's financial condition is at least equal to or better than that of her disabled husband. Furthermore, there is no evidence in the record that the child's medical condition imposes a financial burden for Carmela. Therefore, we find no basis for the district court's grossly unequal award of the entire duplex, the only significant asset of the marriage, to Carmela.

We reverse the judgment of the district court insofar as it awarded sole ownership of the duplex to the wife. The case is remanded to the district court for reconsideration in light of the views expressed herein.

Reversed and remanded.