Douglas, J.,
concurring in part and dissenting in part:
I concur with the majority’s conclusions regarding several issues. Preliminarily, I agree that NRS 2.090(2) does not authorize an appeal from an interlocutory order resolving a request for mandamus relief and that, accordingly, this writ petition is appropriately before us. I also agree that this petition raises important issues of law deserving of our immediate attention. And since NRS 278.3195 does not prevent local authorities from adopting an ordinance with a broader definition of who is “aggrieved,” with standing to administratively appeal from a planning commission decision, I agree that Davis could properly challenge the planning commission decision in this case if she met the North Las Vegas Municipal Code’s requirements. Further, I agree that when, as here, it is unclear whether those requirements have been met, the City Council is without authority to proceed on the merits of the appeal. Thus, like the majority, I conclude that the district court did not manifestly abuse its discretion in determining that extraordinary relief was warranted.
I also agree with the majority, however, that the City Council’s practice of allowing only one appeal to be filed, and then to proceed with that one appeal on behalf of any number of other persons, regardless of the actual appellant’s lack of standing and specific grievance, clearly violates both NRS 278.3195 and the Code. In light of the City Council’s unlawful practice, the district court, instead of reinstating the planning commission decision, should have directed the City Council to provide a new appeal period so that any and all persons who are aggrieved can challenge that decision in their own right. Even though, as the majority points out, the City Council did not disclose whether any other persons were potential appellants barred by the City Council’s improper “one appeal” practice, given the nature of that practice to disallow more than one appeal, it is unlikely such information was available. And moreover, the record indicates that several persons appeared at the hearing to contest Check City’s application, which strongly indicates that other persons were concerned with the planning commission decision and may have wanted to administratively challenge it, but were prevented from doing so by the City Council’s unlawful “one appeal” practice.
Since the City Council never allowed others to file an appeal, there is no way of knowing whether any of those persons were aggrieved, with standing to challenge the planning commission decision. Accordingly, although the majority accurately concludes that the City Council’s “one appeal” practice violates the law, the majority fails to carry this reasoning to its logical conclusion. That is, any act taken under the unlawful practice is void, including the City Council’s implementation of its purported duty to accept only *1212 “one appeal” during the administrative appeal period.[1] Since the City Council’s unlawful practice prevented it from properly proceeding, by accepting appeals from anyone who deemed himself or herself aggrieved, the appeal period was never consummated, rendering the finality of the planning commission decision null under the Code.[2]
In allowing the planning commission decision to stand even though the City Council never allowed for an effective appeal period, the majority’s resolution impinges on not only Davis’s and Check City’s rights, but also the rights of any other person who relied on the City Council’s “settled practice” of permitting only one appeal to be filed. As the City Council’s unlawful practice prejudiced the rights of everyone interested in the matter, the remedy therefor should likewise provide relief to all those persons.[3]
A writ of mandamus is appropriate to compel the City Council to renew the eight-day period in which any and all aggrieved persons may file an administrative appeal.[4] In order to afford fair and equitable relief to all those impacted by the City Council’s unlawful practice, I would grant this petition and direct the clerk of this court to issue a writ of mandamus directing the district court to recall its writs reinstating the planning commission decision and to issue a new writ of mandamus directing the City Council to provide a new appeal period, in which the City Council must accept for filing the challenges of parties who deem themselves aggrieved.

 See generally Ham v. District Court, 93 Nev. 409, 416, 566 P.2d 420, 424 (1977) (recognizing that acts made in violation of statutory authority are void); State v. McMillan, 34 Nev. 264, 271, 117 P. 506, 509 (1911) (pointing out that acts made in excess of authority are void).

 See North Las Vegas, Nev., Municipal Code § 17.28.050(C)(3)(a) (providing that a planning commission decision becomes final eight days after it is issued, unless an administrative appeal is filed).

 See generally Nevada Pub. Emp. Ret. Bd. v. Byrne, 96 Nev. 276, 280, 607 P.2d 1351, 1353-54 (1980) (recognizing that “a citizen has a legitimate expectation that the government should deal fairly with him or her,” that, thus, the governing body should not give “inaccurate or misleading advice” to the public, and that, when they do, courts have inherent power to seek and to do equity).

 See NRS 34.160 (providing that a writ of mandamus is available to compel an official body to act in accordance with the law); see also Smith v. District Court, 107 Nev. 674, 818 P.2d 849 (1991); North Las Vegas, Nev., Municipal Code § 17.28.050(C)(3)(a).