# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVE SANSON, AN INDIVIDUAL;
AND VETERANS IN POLITICS
INTERNATIONAL, INC., A NEVADA
NON-PROFIT CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
THE HONORABLE BRYCE C.
DUCKWORTH, DISTRICT JUDGE; AND
THE HONORABLE NANCY M. SAITTA,
Respondents,
and
DOUG ANSELL, AN INDIVIDUAL; AND
IRINA ANSELL, AN INDIVIDUAL,
Real Parties in Interest.

No. 77363

**FILED**

JAN 18 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of certiorari or, alternatively, mandamus challenging portions of a family court judge's recusal order in the context of a divorce action to which petitioners were not parties. Having considered petitioners' argument and the supporting documents, we conclude that our extraordinary and discretionary intervention is not warranted. NRS 34.160; NRS 34.020; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004); *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987).

19-03088

In particular, petitioners have not shown that Judge Duckworth exceeded his jurisdiction or arbitrarily or capriciously exercised his discretion by stating the reasons for his sua sponte recusal. *See Ham v. Eighth Judicial Dist. Court*, 93 Nev. 409, 416, 566 P.2d 420, 424 (1977) (observing that a judge should preside over a case unless prevented from doing so by a proper reason, in which case the judge should step down and explain why withdrawal is warranted); *see also In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961) ("It is not inappropriate for a judge to set forth his reasons for disqualifying himself."). Petitioners have likewise not shown that Senior Justice Saitta exceeded her jurisdiction in concluding that petitioners lacked standing to challenge Judge Duckworth's recusal order. *Cf.* SCR 10; EDCR 1.60. Further, petitioners have not shown that Senior Justice Saitta was obligated to strike Judge Duckworth's order as void when Judge Duckworth was not recused until after entering the order, *see El Fenix de Puerto Rico v. M/Y JOHANNY*, 36 F.3d 136, 142 (1st Cir. 1994) (noting the general rule that a recused judge should take no further action *after* recusal but to effect the administrative transfer of the case); *Russell v. Lane*, 890 F.2d 947, 948-49 (7th Cir. 1989) (examining the relevant federal statute and observing that a judge's recusal does not render the orders entered before recusal necessarily infirm); *see also Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 258, 112 P.3d 1063, 1068 (2005) (looking to federal practice in interpreting Nevada's judicial disqualification rules), nor that she was obligated to determine that

 

petitioners had standing simply because they asserted an interest in a proceeding to which they were not parties.[1] Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Chief Judge, The Eighth Judicial District Court
Hon. Nancy M. Saitta, Senior Justice
Anat Levy & Associates, P.C.
Black & LoBello
Willick Law Group
Eighth District Court Clerk

---

[1]While petitioners lament that other unstated nonparties have relied on Judge Duckworth's order to petitioners' detriment in unrelated proceedings, such complaint does not demonstrate a basis for our extraordinary intervention.