JAY R. HOFF, JR., PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE GEORGE MARSHALL, DISTRICT JUDGE OF DEPARTMENT FOUR THEREOF, RESPONDENTS.

No. 4604

March 4, 1963                                    378 P.2d 977

*Michael J. Wendell,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney of Clark County, and *Charles L. Garner,* Deputy District Attorney of Clark County, for Respondents.

## OPINION

By the Court, BADT, C. J.:

This is an original proceeding in certiorari which tests the jurisdiction of the respondent judge of the respondent district court to make sundry orders on arraignment of the petitioner in a criminal proceeding against him in said court, over the objections of petitioner, on the ground that the respondent judge, Honorable George Marshall, was the father of Edward G. Marshall, district attorney of Clark County, attorney for the State of Nevada.

We hold that the respondent judge was disqualified under the provisions of our applicable statute, and that the proceedings had and the orders made at petitioner's arraignment were null and void.

On January 16, 1963, petitioner, represented by attorney Michael J. Wendell, appeared before District Judge George Marshall for a criminal arraignment. Edward G. Marshall, the son of Judge Marshall, appeared for the state as district attorney. Wendell advised petitioner to stand mute and objected to any proceedings conducted in the matter by Judge Marshall on the ground that he was disqualified by law from acting in any matter in which his son represented a party.

Petitioner's objection was overruled. Judge Marshall directed that a plea of not guilty be entered for the

defendant, set bail at $500 cash or $1,000 property bond, and thereupon set the trial of the action for February 11, 1963, before Honorable David Zenoff, judge of another department of said court.

The governing section is NRS 1.230, subsections 2 (d), 7, and 8, reading as follows:

"2.   A judge shall not act as such in any action or proceeding when implied bias exists in any of the following respects:

\*   \*   \*   \*   \*

" (d) When he is related to an attorney or counselor for either of the parties by consanguinity or affinity within the third degree.

\*   \*   \*   \*   \*

"7.   This section shall not apply to the arrangement of the calendar or the regulation of the order of business.

"8.   Paragraph (d) of subsection 2 shall not apply to the presentation of ex parte or uncontested matters, except in fixing fees for attorneys related within the degree of consanguinity or affinity therein specified."

That the actions of a district judge, disqualified by statute, are not voidable merely, but void, has long been the rule in this state. Frevert v. Swift, 19 Nev. 363, 11 P. 273, decided in 1886.

In support of the jurisdiction of the judge to preside at the arraignment and make the orders complained of, respondents cite many cases dealing with disqualification of judges under statutes disqualifying a judge because of relationship to a *party,* or because of relationship to a person interested in the proceedings. We need not deal with cases under such statutes.

No disqualification existed under the common law by reason of the judge's relationship to an attorney. Frevert v. Swift, supra.

Annotation 11 A. L. R. 1325, 1328, deals with the statutes of the few states that disqualify for relationship to the attorney, and refers, among other cases, to People v. Ebey, 6 Cal.App. 769, 93 P. 379, 381. Except for one point hereinafter discussed, that case is on all

fours with the case at bar. There Ebey was arraigned before the superior judge, and upon his refusal to plead to the information the clerk was ordered to enter a plea of "not guilty" for him. The judge of said court then ordered said cause to be set for trial, and a jury to be drawn to try the issues raised therein, and said judge presided during said drawing. All these acts and rulings of the court in relation thereto were objected to by Ebey on the ground that said judge was related to the attorney for the defendant by consanguinity within the third degree and therefore disqualified to act in said cause. Proof of the relationship was made. (Here it is admitted.) Ebey was tried before another superior judge, convicted, and raised the disqualification in his appeal to the district court of appeals. In reversing, that court stated: "The arraignment must be made and the plea entered in open court, and the time that may be allowed for either rests in the legal discretion of the court, that is, the judge. In the case at bar there was a qualified refusal to enter the plea, and the disqualified judge passed upon the question whether or not the circumstances set forth in the record justified the defendant in his refusal to plead. In all these matters the judge clearly 'acted as such,' and no reasonable construction can include the acts complained of within the terms, 'arrangement of the calendar,' or 'regulation of the order of business.' In our opinion, Judge Densmore * * * should not have presided at the arraignment, the hearing of the plea, or other preliminary steps of the prosecution of the case, beyond those necessary to regulate the order of business and arrange the calendar." Hearing was denied by the supreme court, which said: "But it appears that the disqualified judge presided at the arraignment of defendant, and ordered the entry of a plea therein. We agree with the district court of appeal that he was disqualified to act in this matter, and the portion of the opinion that relates thereto is approved."

Respondents however call attention to the fact that the California statute under which Ebey was decided did not contain the provisions of subsection 8 above quoted to the effect that the disqualification "shall not

apply to the presentation of ex parte or uncontested matters * * *." We reject the contention that the orders made at the arraignment were either ex parte or uncontested. In its general sense *ex parte* means that an application is made by one party to a proceeding in the absence of the other. Respondents suggest that no statute of this state requires the attendance of the district attorney at an arraignment. Be this as it may, the district attorney was the attorney for the state and appeared at the arraignment as such. The district attorney, pursuant to commitment by the committing magistrate holding Hoff to answer, filed an information. Both the court minutes and the reporter's transcript of the arraignment show Edward G. Marshall (son of the honorable district judge) as representing the state. The transcript shows the following: "By the Court: Let the record show that the defendant has refused to plead and that thereupon, the court will enter a plea of not guilty for him." The court then questioned the defendant as to how long he had been in the jurisdiction, whether he had ever been convicted of a felony, and upon being informed that he had, fixed his bail at $500. The court entered a further order appointing Mr. Wendell attorney for the defendant, not only in the case before the court but for the purpose of seeking a writ of certiorari to test the court's jurisdiction, and stated that his order would include necessary travel expense to the state capital for the purpose of such proceeding.

The foregoing also answers the contention of the respondents that the arraignment was not a contested matter. Objection was made to all orders of the court, except the order appointing counsel.

It was further said in the Ebey case: "A sound policy seems to demand that, independent of the rights of the parties to the action, the judicial tribunals appointed by law to administer justice should be preserved from discredit by a broad and liberal construction of the statute to the end of securing a judgment untainted with bias or interest. Courts should be slow to discover subtle and refined distinctions for indulging a doubtful jurisdiction where the liberty of a citizen is at stake."

The same policy has been announced in Nevada. In McCormick v. District Court, 67 Nev. 318, 331, 218 P.2d 939, 945, we stated: "The legislature has thus declared the public policy of the state, not so much for the protection of an individual litigant, as for the preservation of the respect and high regard the public has always maintained for the courts."

For a full discussion of the subject "Relation to attorney as disqualifying judge," see Annot., 50 A.L.R.2d 143.

Respondents also contend that the disqualifying statute does not apply to district attorneys in criminal cases. However, no authorities in point are cited, and we must reject the contention.

As under the statute quoted, the respondent judge was disqualified from presiding at the petitioner's arraignment and as his orders at the arraignment were accordingly void, the same are hereby vacated.

McNAMEE and THOMPSON, JJ., concur.