FRANK W. LEWIS, PETITIONER, *v.* STANLEY A. SMART, DISTRICT JUDGE OF THE THIRD JUDICIAL DISTRICT COURT, IN AND FOR THE COUNTY OF CHURCHILL, STATE OF NEVADA, RESPONDENT.

No. 12766

December 3, 1980                                    619 P.2d 1212

*Bowen, Swafford & Hoffman,* Reno, for Petitioner.

*Richard H. Bryan,* Attorney General, and *Donald Klasic,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to Nevada law, the district judge of a county acts

as the trustee of unincorporated townsites which have been deeded by federal land grants or patents. *See* NRS 325.010 *et seq.* By virtue of his position as district judge, respondent is the trustee of lots within the unincorporated townsite of Wonder, Churchill County, Nevada.[1] Many of the lots have never been claimed. Petitioner, who desires to purchase land in Wonder townsite, contends that respondent has a mandatory duty under NRS 325.080 and 325.090 to sell the unclaimed lots. Petitioner has requested respondent to sell the lots, but respondent has refused. Petitioner seeks a writ of mandamus compelling respondent to sell the unclaimed lots.

A writ of mandamus is issued to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station. NRS 34.160; *see* State v. Preble, 20 Nev. 38, 14 P. 584 (1887). A townsite trustee must dispose of unclaimed townsite lots only in the manner provided by law. *See* Amador County v. Gilbert, 65 P. 130 (Cal. 1901); Linck v. Salt Lake City, 21 P. 459 (Utah 1889), *appeal dismissed,* 159 U.S. 258 (1895). The statutes in Nevada clearly do not contemplate that unclaimed townsite lots will be held by the trustee in perpetuity. Both NRS 325.080 and 325.090 provide, in part, that unclaimed lots "shall be sold." Thus, the statutes create a mandatory duty for respondent, as trustee of land in Wonder townsite.

Respondent contends that mandamus should not issue because petitioner has an adequate remedy at law. *See* NRS 34.170. Respondent suggests, without any citation of authority, that petitioner should file "an appropriate action in District Court." However, a district judge has no power to issue mandamus against another district judge acting as trustee over townsite properties. Jennett v. Stevens, 33 Nev. 527, 111 P. 1025 (1910). Proceedings in this court for extraordinary writs of mandamus and prohibition are appropriate remedies against a district judge acting in his capacity as townsite trustee. *See* Jennett v. Stevens, 34 Nev. 128, 116 P. 601 (1911); State v. Stevens, 34 Nev. 146, 116 P. 605 (1911).

Respondent also contends that petitioner has failed to join certain indispensable parties. Specifically, respondent argues

---

[1] A federal land patent to Wonder townsite was issued by President Taft in 1911.

that petitioner should have joined any persons or entities having legal title to or an interest in any of the lots in Wonder townsite already deeded by the trustee or his predecessors. Respondent has cited no relevant authority in support of his contention. A party must be joined only if complete relief cannot be accorded in his absence, or if he claims an interest in the subject of the action. NRCP 19(a). In this case the subject matter consists of unclaimed lots held solely by respondent. The owners of other lots in Wonder townsite may have concern over the sale of unclaimed lots. However, the owners of other lots are not indispensable parties in this mandamus proceeding against the respondent district judge.

■■■■■■■■

Finally, respondent argues that the statutes do not contain sufficient directions for respondent to determine the manner in which the sale is to be conducted, the notice to be required, or the appropriate disposition of sale proceeds. We disagree. NRS 325.090 requires a sale "to the highest bidder." The statute contemplates a sale in the nature of a public auction. *See* State v. Stevens, 34 Nev. 146, 116 P. 605 (1911) (dictum; approval of public auction sale of townsite lots); Treadway v. Wilder, 8 Nev. 91 (1872) (dictum; unclaimed lots should be sold at public auction). NRS 325.090 and 325.140 provide guidelines as to the notice of the sale, and NRS 325.090 contains guidelines as to the disposition of sale proceeds. Thus, the statutes contain sufficient general directions for respondent. Precise details may be formulated by respondent, in his sound discretion.[2]

We conclude that respondent has a mandatory duty to sell the unclaimed townsite lots, and that respondent's arguments against issuance of the writ of mandamus are not persuasive. Accordingly, a writ of mandamus shall issue forthwith, directing respondent, as trustee of unclaimed lots in Wonder townsite, to sell those lots as contemplated by NRS 325.080 and 325.090.

Writ granted.

---

[2]Respondent contends that the repeal of certain federal statutes, 43 U.S.C. §§ 718 *et seq.,* created legal ambiguities relative to the disposition of the unclaimed lots. The federal statutes were repealed by Pub. L. 94-579, Title VII, § 703(a), 90 Stat. 2789 (1976). The federal statutes did not contain guidelines as to the sale of unclaimed lots. Rather, the federal act left to each state questions relating to the disposition of unoccupied or unclaimed land, including questions as to the disposition of proceeds. *See* State v. Webster, 72 P. 295 (Mont. 1903); Martin v. Hoff, 64 P. 445 (Ariz. 1901); City of Denver v. Kent, et al., 1 Colo. 336 (1871). Respondent does not contend, nor do we find, that repeal of the federal statutes eliminated respondent's mandatory duties under Nevada statutes.