CHARLES JEANESS and IRENE JEANESS, Petitioners, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, Respondent.

No. 12725

April 10, 1981                                        626 P.2d 272

C. *Frederick Pinkerton* and *Nancyann Leeder,* Reno, for Petitioners.

*John Sanchez* and *Jack Sullivan Grellman,* Reno, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Petitioners make "application for Writ of Mandate . . . for the reason that the judge of the Second Judicial District Court of the State of Nevada, the Honorable John W. Barrett, has recused himself from acting further in the case (namely, Besnilian v. Church, et al., No. 79-1300) and has assigned the case to Department 6, the Honorable James Guinan, after plaintiffs Besnilian moved for peremptory challenge against Judge Barrett." The peremptory challenge to which petitioners refer was filed after Judge Barrett had heard and ruled upon a motion for appointment of a receiver, a motion to amend the prayer of the complaint and motions for protective orders, but more than thirty days before trial was scheduled to begin.

Both District Judges Barrett and Guinan signed the order transferring the case to Judge Guinan's department. Although the order recites the filing of a peremptory challenge against Judge Barrett, it is not entirely clear whether Judge Barrett voluntarily "recused himself," as stated above, or was removed pursuant to the peremptory challenge recited in the order. In either event we are asked to issue a writ of mandate invalidating an order of transfer signed by two district judges.

First considered will be the matter of the timeliness of a peremptory challenge of a judge made under Nevada Supreme Court Rule 48.1(3):

> 3. Except as provided in subsection 4, the peremptory challenge shall be filed:
> (a) Not less than 30 days before the date set for trial or hearing of the case; or
> (b) Not less than 3 days before the date set for the hearing of any pretrial matter.

Respondent contends that a challenge may be filed at any time so long as it is not within thirty days of the trial date or during the three day period before any of a series of pretrial hearings. While conceding the ambiguity of the language of the rule, we reject this position as inconsistent with the policy behind the requirement that such challenges be presented *before* contested proceedings have commenced. We interpret the rule as precluding the acceptance of a peremptory challenge at any time after the thirty days preceding the date set for trial *or* at any time after three days preceding the date set for a hearing of any pretrial matter. In other words the time at which

filing of a peremptory challenge is foreclosed is set in two ways: failing to file within thirty days of the trial date, or failing to file within three days of the first pretrial hearing. Failure to file within either of these time strictures results in waiver of the right to make a peremptory challenge.

In this case there was failure to file a timely challenge, and the order in question therefore cannot be viewed as an application of SCR 48.1.

As previously indicated, however, it is entirely possible in this case that Judge Barrett was simply recusing himself, voluntarily, pursuant to district court rules. When a judge "enters upon" a hearing of any cause or makes "any ruling" therein, "no other judge shall do any act or thing in or about such cause . . . unless upon the written request of the judge who shall have first entered upon the trial or hearing of such cause." DCR 18(1). We have held that "(t)here arises from the language of the rule the necessary inference that a judge empowered to hear a cause has the power, in his discretion, to request another judge to assume jurisdiction of such cause." State v. Blackwell, 65 Nev. 405, 411, 198 P.2d 280, 283 (1948).

The only possible limitation upon such power would be found in our ruling in Ham v. District Court, 93 Nev. 409, 566 P.2d 420 (1977), in which we disapproved of a judge's voluntary recusal where it was "expressly indicated that there was no justification for the withdrawal." *Ham,* supra, at 416, 566 P.2d at 425.

The judge in *Ham* had been assigned to sit by the chief justice, and after over three years of activity in the case decided to withdraw from his assignment following allegations of bias and prejudice, while expressly stating that he entertained no such bias or prejudice.

DCR 18(1) is the rule; *Ham* is the narrow exception. In *Ham* it was "emphasize(d) that this case is decided on these facts alone." We do not find that the facts of this case cause it to fall within that narrow range of cases in which extraordinary intervention by this court would be warranted.

Moreover, under the Rules of Practice for the Second Judicial District Court, the "calendar judge is the chief judge as referred to in NRS 3.025 and Supreme Court Rule 8." NRS 3.025 gives express authority to the chief judge to "assign cases to each judge in the district." Even were Judge Barrett's recusal, his "voluntary withdrawal," not "justified", the order of the chief judge would appear to be unchallenged and unchallengeable.

A writ of mandamus is issued only to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station. Lewis v. Smart, 96 Nev. 846, 619 P.2d 1212 (1980); NRS 34.160. A writ of prohibition will not issue unless the court sought to be restrained has exceeded its jurisdiction. Goicoechea v. District Court, 96 Nev. 287, 607 P.2d 1140 (1980). We will not exercise our discretion to grant such writ unless a clear question of law is presented. Bottorff v. District Court, 96 Nev. 606, 614 P.2d 7 (1980).

We cannot find in this record support for a finding that either judge has failed to perform an act especially enjoined or that either should be restrained for having exceeded his jurisdiction. The writ must be denied.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.