JOSE A. VALLADARES, Petitioner, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe, and THE HONORABLES CONNIE J. STEINHEIMER, District Judge, and STEVEN R. KOSACH, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 26859

January 31, 1996 · · · · · · · · · · 910 P.2d 256

*Lew Carnahan,* Reno, for Petitioner.

*Frankie Sue Del Papa,* Attorney General, *Robert E. Wieland,* Deputy Attorney General, Carson City; *Richard A. Gammick,* District Attorney, Washoe County, for Real Party in Interest.

# OPINION

*Per Curiam:*

On January 23, 1995, appellant Jose A. Valladares was charged by information with seven felonies arising from a single transaction involving the sale of marijuana and methamphetamine. Valladares' arraignment was assigned to District Judge Connie J. Steinheimer. On March 2, 1995, eight minutes before Valladares' arraignment was scheduled to begin, Valladares filed a motion to disqualify Judge Steinheimer under NRS 1.230, NRS 1.235, and Canon 3E of the Nevada Code of Judicial Conduct, alleging Steinheimer had an actual or apparent bias against his attorney, Lew Carnahan.

In 1992, Judge Steinheimer narrowly defeated Lew Carnahan in a hotly contested election for her judicial seat. In the course of that campaign, Steinheimer distributed two separate campaign letters that contain disparaging remarks about Carnahan's ethics, honesty, and competency. After Valladares filed his motion to disqualify, Judge Steinheimer immediately filed an order recommending that Valladares' motion be denied; however, because of the nature of the motion, Steinheimer referred the determination

of the issue to Chief Judge Steven R. Kosach. On March 3, 1995, Judge Kosach ruled that Valladares' motion to disqualify Judge Steinheimer was untimely and that the matter should proceed accordingly.

In his petition, Valladares contends that the district court improperly interpreted NRS 1.230 and NRS 1.235,[1] and argues that this court should issue a writ of mandamus ordering Judge Steinheimer to recuse herself from his arraignment proceedings; or, in the alternative, a writ of prohibition ordering Judge Steinheimer to refrain from proceeding further. We hold that the district court properly interpreted NRS 1.230 and NRS 1.235 and therefore deny Valladares' petition.

"[A] writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion." Hickey v. District Court, 105 Nev. 729, 731, 782 P.2d 1336, 1337 (1989). A writ of mandamus will not be issued, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. "Mandamus is an extraordinary remedy, and the decision as to whether a petition will be entertained lies within the discretion of this court." Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982).

A writ of prohibition is the counterpart of the writ of mandate and arrests the proceedings of any tribunal exercising judicial

---

[1]NRS 1.230 reads, in pertinent part:

**1.230 Grounds for disqualifying judges other than supreme court justices.**

1. A judge shall not act as such in an action or proceeding when he entertains actual bias or prejudice for or against one of the parties to the action.

. . . .

5. This section does not apply to the arrangement of the calendar or the regulation of the order of business.

NRS 1.235(1) reads, in pertinent part:

**1.235 Procedure for disqualifying judges other than supreme court justices.**

1. Any party to an action or proceeding pending in any court other than the supreme court, who seeks to disqualify a judge for actual or implied bias or prejudice must file an affidavit specifying the facts upon which the disqualification is sought. . . . Except as provided in subsections 2 and 3, the affidavit must be filed:

(a) Not less than 20 days before the date set for trial or hearing of the case; or

(b) Not less than 3 days before the date set for the hearing of any pretrial matter.

functions, when such proceedings are without or in excess of the jurisdiction of such tribunal. NRS 34.320. A writ of prohibition will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration. Goicoechea v. District Court, 96 Nev. 287, 607 P.2d 1140 (1980).

Valladares' initial contention is that NRS 1.235 should be read in harmony with NRS 1.230, and because a criminal arraignment is merely the formal beginning of the proceedings, it is similar to the "arrangement of the calendar or regulation of the order of business" described in NRS 1.230(5). Accordingly, Valladares contends, an arraignment must be deemed outside of the scope of NRS 1.235. We disagree.

This court has specifically held that a criminal arraignment is not to be considered an "arrangement of the calendar or the regulation of the order of business" as defined in NRS 1.230. Hoff v. District Court, 79 Nev. 108, 378 P.2d 977 (1963). Moreover, the term, "any pretrial matter," is to be read literally. Nevada Pay TV v. District Ct., 102 Nev. 203, 719 P.2d 797 (1986). We conclude that a literal reading of "any pretrial matter" includes a criminal arraignment.

Valladares next argues that a criminal arraignment is not a "hearing" and is therefore not subject to the time limitation of NRS 1.235(1). He contends that a "hearing" is an adversarial proceeding in which evidence is presented and issues of fact or law are decided between the parties. See Doran v. Doran, 287 N.E.2d 731 (Ill. App. Ct. 1972); Hunt v. Shettle, 452 N.E.2d 1045 (Ind. Ct. App. 1983); Buckholz v. Bd. of Adjustment of Brewer County, 199 N.W.2d 73 (Iowa 1972); State v. Boggs, 624 N.E.2d 204 (Ohio Ct. App. 1993); Professional Sports, Ltd. v. Virginia Squires Basketball Club Ltd. Partnership, 373 F. Supp. 946 (W.D. Tex. 1974). Valladares argues that an arraignment is a non-adversarial proceeding and therefore should not be considered a hearing. We disagree.

In *Hoff,* we stated that "[w]e reject the contention that the orders made at [an] arraignment were either ex parte or uncontested." 79 Nev. at 112, 378 P. at 978. During the course of the arraignment, a plea is entered, a trial date is agreed upon, and when necessary, bail is set. All of these important procedures affect the defendant's liberty interests. Clearly these are contested adversarial matters heard before the court. We therefore hold that an arraignment must be considered a hearing of a pretrial matter.

Valladares next argues that the disjunctive "or" connecting

NRS 1.235(1)(a) and (b) provides two different windows of opportunity in which to file a motion to disqualify a judge for actual bias. He argues that even though his motion was filed less than three days before a hearing on a pretrial matter, it was still filed more than twenty days before trial and must therefore be considered timely. We conclude that Valladares' interpretation of NRS 1.235(1) is not in accordance with either legislative intent or stare decisis.

In Jeaness v. District Court, 97 Nev. 218, 626 P.2d 272 (1981), the respondent claimed that SCR 48.1(3) should have been interpreted in the same manner that Valladares claims NRS 1.235(1) should be interpreted. In rejecting that interpretation and imposing a "whichever occurs first" construction, we stated:

> First considered will be the matter of the timeliness of a peremptory challenge of a judge made under Nevada Supreme Court Rule 48.1(3):
>
> > 3. Except as provided in subsection 4, the peremptory challenge shall be filed:
> >
> > (a) Not less than 30 days before the date set for trial or hearing of the case; or
> >
> > (b) Not less than 3 days before the date set for the hearing of any pretrial matter.
>
> Respondent contends that a challenge may be filed at any time so long as it is not within thirty days of the trial date or during the three day period before any of a series of pretrial hearings. While conceding the ambiguity of the language of the rule, we reject this position as inconsistent with the policy behind the requirement that such challenges be presented *before* contested proceedings have commenced. We interpret the rule as precluding the acceptance of a peremptory challenge at any time after the thirty days preceding the date set for trial *or* at any time after three days preceding the date set for a hearing of any pretrial matter. In other words the time at which filing a peremptory challenge is foreclosed is set in two ways: failing to file within thirty days of the trial date, or failing to file within three days of the first pretrial hearing. Failure to file within either of these time strictures results in waiver of the right to make a peremptory challenge.

*Id.* at 219-20, 626 P.2d at 273-74. Though *Jeaness* interprets peremptory challenges under SCR 48.1(3), we find this reasoning persuasive. The imposition of a "whichever occurs first" standard onto NRS 1.235(1) insures that "for cause" challenges are initiated before any adversarial proceedings are initiated. This

will prevent a party from "testing the waters" before making such a challenge, which would be unfair to the adversary and a waste of the court's time and resources. This construction also allows the court to schedule its proceedings more efficiently since it forces parties to make their "for cause" challenges at the earliest possible date. Moreover, NRS 1.235(2) protects a party from waiving all future "for cause" challenges by providing an additional window of opportunity to make such a challenge when the case is assigned to a new judge after the time requirements of NRS 1.235(1) have elapsed. We therefore conclude that NRS 1.235(1)(a) and (b) allow only one window of opportunity in which to make a "for cause" challenge; either twenty days before the date set for a trial or hearing of the case, or three days before the date set for the hearing of any pretrial matter, whichever occurs first.

Finally, Valladares argues that even if he is precluded from disqualifying Steinheimer under NRS 1.235(1), the time restraints of NRS 1.235(1) are not applicable to Canon 3E(1) of the Nevada Code of Judicial Conduct. Valladares argues that Steinheimer must therefore recuse herself under Canon 3E(1) since she has an actual or apparent bias against Carnahan. We have reviewed the record and conclude that Judge Steinheimer does not possess an actual or apparent bias against Carnahan and therefore need not recuse herself.

To summarize, we conclude that the district court properly interpreted NRS 1.230 and NRS 1.235 and that Judge Steinheimer does not possess an actual or apparent bias against Carnahan. We therefore deny Valladares' petition for writ of mandamus; or, in the alternative, petition for writ of prohibition.